Commonwealth ex rel. John C. Pittenger, Secretary of Education and Robert P. Kane, Attorney General, Plaintiffs, *v.* Leechburg Area School Board, Defendant, and Pennsylvania State Education Association and Leechburg Education Association, Additional Defendants.

Argued May 5, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William J. Atkinson,* Deputy Attorney General, with him *Vincent X. Yakowicz,* Solicitor General, and *Robert P. Kane,* Attorney General, for plaintiffs.

*Donetta W. Ambrose,* with her *J. Raymond Ambrose, Jr.,* and *Ambrose & Ambrose,* for defendant.

OPINION BY JUDGE ROGERS, May 19, 1975:

The State's Secretary of Education and its Attorney General have sued the Leechburg Area School Board in mandamus seeking an order requiring the defendant to modify its calendar for the 1974-1975 school year by adding four days of instruction lost in September 1974 as the result of a lawful teachers' strike. The defendant has filed an answer and new matter and the plaintiffs a reply to new matter. The case is before us on the plaintiffs' motion for judgment on the pleadings.

Section 1501 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, provides:

"All public . . . schools shall be kept open each year for at least one hundred and eighty (180) days for the instruction of pupils. No days on which the schools are closed shall be counted as days taught. . . ." 24 P.S. §15-1501.

The plaintiffs contend that the duty thus imposed on the defendant is mandatory and ministerial and therefore enforceable in mandamus. The defendant answers that it originally scheduled the required 180 days and that the addition of four days to the school calendar would work hardship on students and their families and would be impractical in the circumstances. The defendant relies on our decision and accompanying opinion in *Root v. Northern Cambria School District,* 10 Pa. Commonwealth Ct. 174, 309 A.2d 175 (1973), where we held that the refusal by a trial judge of an injunction requiring a school district to schedule school on every weekday from December 30 until the end of June was not an abuse of

the court's discretion. We declared in *Root, supra,* that school boards must schedule 180 days of instruction (as the defendant here did) ; that the requirement of 180 days of instruction must be adhered to unless it is impossible or impractical to do so for reasons not within the board's control; and that if it is impossible or impractical to provide the number of days required, boards must nevertheless amend their schedules so as to provide as many days as sound educational practice requires. We further stated that the 180 day standard may not be sacrified merely to save money and that the refusal by a board to schedule a few days easily supplied might constitute an abuse of its power.

Obviously, we cannot decide by reading pleadings whether the four days lost here are easily supplied or whether their scheduling at the end of the school year, the last day of which falls on June 6, 1975, would or would not have such bad effect upon pupils and others as to be unsound or unnecessary from an educational standpoint. Since judgment on the pleadings may be entered only in clear cases and where there are no issues of fact (*Pa. Gas and Water Co. v. Kassab,* 14 Pa. Commonwealth Ct. 564, 322 A.2d 775 (1974)), we must deny the plaintiffs' motion for judgment, as the defendant contends.

In order that the matter may be disposed of before it is moot, we believe that the following is an appropriate order which we will implement unless an appeal shall prevent our so doing.

#### ORDER

AND NOW, May 19, 1975, it is ordered that the plaintiffs' motion for judgment on the pleadings be and the same hereby is denied. The case is hereby listed for trial on May 29, 1975 at 10: 00 A.M. in Courtroom No. 1, South Office Building, Harrisburg, Pa.

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent.

Adhering yet to my belief that the attendance requirements of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, 24 P.S. §1—101 et seq., should be complied with, as far as it is possible to do so within the school year, I would grant plaintiffs' motion for judgment on the pleadings. I do not comprehend why, in the instant case, the four lost days of instruction cannot be rescheduled by the defendant school district and thereby achieve full compliance with the attendance requirements of the School Code. My detailed reasons for this conclusion can be found in my dissenting opinion filed *in Root v. Northern Cambria School District,* 10 Pa. Commonwealth Ct. 174, 309 A. 2d 175 (1973).

Judge BLATT joins in this dissent.