234

Earl William Kuykendall, Petitioner *v.* Pennsylvania Board of Probation & Parole, Respondent.

Submitted on briefs, June 14, 1976, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate in the decision in this case.

*Earl Kuykendall,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, September 7, 1976:

On December 26, 1975, Earl William Kuykendall (plaintiff) filed a complaint in mandamus in this Court against the Board of Probation and Parole (Board). The Board filed an answer with new matter and plaintiff then filed a reply to the new matter. Plaintiff seeks relief from what he terms an unlawful recomputation of his prison sentence, and credit for service of this allegedly unlawful recommittal against a subsequent conviction sentence. The matter is now before us on cross motions for judgment on the pleadings. Judgment on the pleadings is proper at this time, as the material facts are not in dispute. *Commonwealth ex rel. Pittenger v. Leechburg Area School Board,* 19 Pa. Commonwealth Ct. 140, 339 A.2d 149 (1975); *Commonwealth ex rel. Dawson v. Board of Probation and Parole,* 17 Pa. Commonwealth Ct. 550, 333 A.2d 796 (1975).

Plaintiff was convicted in 1968 in the Court of Common Pleas of Adams County for receiving stolen goods and given an indeterminate to five year sentence (original sentence); the maximum expiration date of said sentence was April 26, 1973 to be served at the State Correctional Institution at Camp Hill (Camp Hill). Plaintiff was paroled in 1969, but was recommitted as a convicted parole violator and his original sentence was extended to July 14, 1973. This particular extension of sentence is not in dispute.

Plaintiff was released again on parole on July 21, 1971, however, on April 7, 1972, he was declared delinquent as of March 11, 1972, because his whereabouts were unknown to the Board. Plaintiff was not located until his arrest on new criminal charges on December 25, 1973. Plaintiff was convicted on February 13, 1974, on the new charges and was sentenced to serve one to two years (new sentence) at the State Correctional Institution at Huntingdon (Huntingdon).

After said conviction and a parole revocation hearing thereon, the Board recommitted plaintiff as a convicted parole violator. The result of this action was another recomputation of plaintiff's original sentence making the expiration date thereof February 6, 1976; this recomputation was based upon a denial of credit for time spent on parole from July 21, 1971, to the July 14, 1973, expiration date as mandated by Section 21.1(a) of the Act of August 6, 1941 (Parole Act), P.L. 861, *as amended*, 61 P.S. §331.21a(a).

On November 20, 1974, plaintiff was paroled on his original sentence (expiring February 6, 1976) to begin serving his new sentence. He was then immediately released on bail incident to an appeal of this conviction; however, after revocation of said bail, the maximum date of his new sentence was recomputed to expire August 14, 1977, as measured by his time on bail.

Plaintiff seeks in this action a definitive determination of his right to be free from the custodial authority of the Board in light of the Board's extension of the expiration date of his original sentence. More precisely, plaintiff contends that even though he was delinquent on parole when arrested on December 25, 1973, and in fact had been for more than a year prior to the July 14, 1973, expiration date, the sentence nevertheless *expired*. Thus, plaintiff claims

that the Board was without statutory authority to recommit him as a convicted parole violator and recompute his sentence as a result of the February 13, 1974, conviction, and in doing so the Board has violated the due process provisions of the United States and Pennsylvania Constitutions.

Collaterally, he argues that he was wrongfully required to serve the remainder of his original sentence rather than commencing service of his new sentence. This argument revolves around the fact that the original sentence was to be served at Camp Hill and the new sentence at Huntingdon, and therefore being different institutions, the Parole Act, plaintiff argues, requires that the new sentence be served first.

There is no doubt that the Board can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence would have expired. *Choice v. Pennsylvania Board of Probation & Parole,* 24 Pa. Commonwealth Ct. 438, 357 A.2d 242 (1976) ; *Mitchell v. Board of Probation & Parole,* 18 Pa. Commonwealth Ct. 69, 335 A.2d 856 (1975). Plaintiff desires to profit from the fact that he absconded and was delinquent on the date of expiration of his original sentence, and notwithstanding the subsequent conviction, he asserts that the Board lacked "jurisdiction" to recommit him. There is no reason why a delinquent parolee should so profit, and we reject plaintiff's arguments. Certainly the Legislature never intended such an absurd result in enacting Section 21.1 of the Parole Act. Therefore, we must deny plaintiff's motion, and since the matter is free of doubt, grant the Board's motion for judgment on the pleadings.

Section 21.1(b) of the Parole Act, 61 P.S. §331.-21a(b), *inter alia*, provides:

"(b) Technical Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole

released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which he is convicted . . . may be recommitted after hearing before the board. If he is so recommitted, he shall be given credit for the time served on parole in good standing *but with no credit for delinquent time,* and may be reentered to serve the remainder of his original sentence or sentences. Said remainder shall be computed by the board from the time his delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole, and he shall be required to serve such remainder so computed from the date he is taken into custody on the warrant of the board.". (Emphasis added.)

From this provision alone, we are unable to perceive any support for plaintiff's argument that his sentence expired despite his delinquency. The Superior Court in *Commonwealth ex rel. Davidson v. Maroney,* 177 Pa. Superior Ct. 82, 110 A.2d 822 (1955) clarified the meaning of Section 21.1(b) as being a response to prior case law which allowed for the expiration of a parolee's sentence even though he was delinquent.

"The effect of this decision was that the longer a technical parole violator could remain unapprehended the shorter was his period of confinement upon recommitment. If he could successfully avoid arrest until the expiration of his maximum term, he could not be recommitted at all. The Act of 1951 was designed to remedy this undesirable situation." *Maroney, supra,* 177 Pa. Superior Ct. at 85, 110 A.2d at 824.

Clearly, the Board did not lose its legal custody over plaintiff as a technical parole violator as said

custody was extended to compensate for the delinquent time.[1] *Commonwealth ex rel. Hall v. Board of Probation and Parole,* 3 Pa. Commonwealth Ct. 435, 442 (1971).

After convicted of a crime committed during his parole as extended by delinquent time, his sentence was properly recomputed as a convicted parole violator in accordance with Section 21.1(a). That Section provides, *inter alia*:

"(a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or *while delinquent on parole,* commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board be recommitted as a parole violator. If his recommittment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and *he shall be given no credit for the time at liberty on parole.*" (Emphasis added.)

This language clearly contemplates plaintiff's situation and provides authority for recommittal as a convicted parole violator of a parolee committing a crime while delinquent on parole. We so held in *Hall, supra,* and later in *Williams v. Board of Probation & Parole,* 3 Pa. Commonwealth Ct. 633 (1971), a case so factually similar as to control our decision here.

---

[1] The maximum sentence was not recalculated at that point because plaintiff was awaiting trial and was not available to the Board. *See also Harbold v. Carson,* 24 Pa. Commonwealth Ct. 417, 356 A.2d 835 (1976). In that case, we refused to allow an escapee from a correctional facility credit for his time at liberty from the authorities even though he was not convicted of prison breach.

In addition, plaintiff argues that the Board's action in applying Section 21.1 of the Parole Act violates his due process rights. In upholding Section 21.1 in the face of a federal due process challenge, it has been stated that:

"Certainly a state is not precluded by the Federal Constitution from giving paroled convicts an added inducement to 'go straight' by retaining the ability to recommit them for crimes they commit while on parole. No constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum." *United States ex rel. Heacock v. Myers,* 251 F. Supp. 773, 774 (E.D. Pa.), *aff'd,* 367 F.2d 583 (3rd Cir. 1966), *cert. denied,* 386 U.S. 925 (1967). (Citations omitted.)

Nor does the Board's action offend Pennsylvania constitutional due process concepts. *See Commonwealth ex rel. Thomas v. Myers,* 419 Pa. 577, 215 A.2d 617 (1966) ;[2] *Hall, supra.* "Such reimposition and reincarceration comport with constitutional protections against infringement of personal liberty and civil rights." *Williams, supra,* 3 Pa. Commonwealth Ct. at 640.

Finally, we reject plaintiff's argument that he should have served his new sentence at Huntingdon before the remainder of his original sentence, originally directed to be served at Camp Hill. Section 21.1(a) of the Parole Act answers this contention.

"If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:

---

[2] *Myers* was overruled, but on other grounds in *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973) ; *Rambeau* did adhere to the *Myers* case as to the constitutionality of recommittal and recomputations of sentences.

"(1)  If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution."

Both Huntingdon and Camp Hill are under the supervision and control of the Department of Justice,[3] and thus, said statute controls and was properly applied.

### ORDER

Now, September 7, 1976, plaintiff's motion for judgment on the pleadings is denied. The Board's motion for judgment on the pleadings is granted, and the complaint of Earl William Kuykendall is dismissed.

JUDGE KRAMER did not participate in the decision in this case.

---

[3] Section 202 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §62.