Mark J. Eckert, Petitioner *v.* Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, September 30, 1977, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT.

*Mark J. Eckert,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., January 25, 1978:

Mark J. Eckert (Petitioner) petitions[1] this Court to reverse the action of the Pennsylvania Board of Probation and Parole (Board) which recommitted him as a convicted parole violator without credit to his sentence for time spent on parole. Both Petitioner and Board have moved for judgment on the pleadings.

Petitioner was convicted on June 22, 1967, of armed robbery and sentenced to a four to ten-year term at Berks County O.T. No. 87 and 88, 9/67. His maximum release date was, therefore, June 22, 1977. In 1968, while in prison, he was also convicted of prison breach and sentenced to an additional two and a half to six-year term to be served consecutively. In June of 1971, at the end of the four-year minimum

---

[1] Rule 1502 of the Pennsylvania Rules of Appellate Procedure makes the petition for review the exclusive procedure for review from a determination of a governmental unit.

sentence received in 1967, Petitioner was constructively paroled to begin serving the sentence received in 1968. In January of 1974, Petitioner made parole on the second sentence and was released. Less than a year later, after admitting that he had traveled to Altoona in violation of his conditions of parole, Petitioner was taken into custody by Board on December 18, 1974. On December 24 he was arrested by the State Police in connection with an armed robbery committed in Berks County on the same day he had admitted driving to and from Altoona. On January 9 Petitioner was afforded a parole violation-detention hearing during which he admitted traveling to Altoona in violation of the conditions of his parole, and was detained by Board pending the resolution of the other charges against him. On October 17, 1975, he was sentenced to a term of 8 to 16 years for the armed robbery of December 14, 1974. Following the imposition of the new sentence, Board modified the maximum release date from its original 1977 date to 1981 to reflect the remaining portion of the original sentence. No credit was given for the time spent on parole. In November of 1976, Petitioner was again paroled from his original sentence to begin serving the sentence imposed in 1975.

His first contention relates to the factual issue of whether he could have committed the parole violation by traveling to Altoona and have committed an armed robbery in Berks County on the same day. It is axiomatic that this Court has no jurisdiction to review the propriety of the criminal conviction. As for the parole violation, since we note that Petitioner admitted traveling to Altoona, we find no error in Board recommitting Petitioner.

He now questions the right of Board to extend the expiration of his maximum sentence upon his recom-

mitment as a convicted parole violator. This is in accordance with Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a, and has been consistently upheld by this Court. *See Kuykendall v. Pennsylvania Board of Probation and Parole,* 26 Pa. Commonwealth Ct. 234, 363 A.2d 866 (1976).

Petitioner sets forth the proposition that his original sentence should be credited with the time served on parole, citing the case of *Howie v. Byrd,* 396 F. Supp. 117 (W.D.N.C. 1975). That case, which held that time spent free on parole should be credited to the original sentence, was reversed and remanded by the Court of Appeals at 532 F.2d 750 (4th Cir. 1976).

However, Board concedes that in accordance with our decision in *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977), Petitioner should have been credited with the time spent imprisoned on Board's detainer prior to the disposition of the new criminal charges. He shall be credited for the time detained from December 18, 1974, to October 17, 1975, the date he was made available to Board as a result of his new sentence.

Except as noted above, since the matter is free of doubt, the Board's motion for judgment on the pleadings is granted.

Accordingly, we

ORDER

AND Now, this 25th day of January, 1978, Petitioner's motion for judgment on the pleadings is denied and the Board's motion for judgment on the pleadings is granted except that in the case of the sentence at Berks County O.T. No. 87 and 88, 9/67,

Petitioner shall be credited for the time he was incarcerated between December 18, 1974 and October 17, 1975.