Rickie Trenge, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Patrick J. Flannerey,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, February 2, 1983:

In this appeal from a decision of the Board of Probation and Parole (Board) the question to be resolved as set forth in Petitioner's brief is[1]:

> May the Board recommit and recompute the sentence of a convicted parole violator where, although the subsequent crime was committed during parole, the conviction did not take place until the expiration of the maximum sentence on the prior conviction?

Factually, it appears that Petitioner was paroled as of July 28, 1978 from his original sentence. He was arrested on November 20, 1980 for a new offense. On

---

[1] The Petitioner has filed an "Amended Petition for Review and/or Writ of Habeas Corpus". No answer has been filed by the Board to the Petition. It is apparent that the Petitioner and the Board have treated the Petition as an appeal from Board action. On that assumption, we have disregarded the request for a writ of habeas corpus.

November 26, 1980, he was detained as a parole violator. After a hearing, Petitioner was returned to custody as a parole violator but when his original sentence expired on January 28, 1981, he was released into the custody of his parole agent. On February 10, 1981 Petitioner was declared delinquent for control purposes as of November 20, 1980. On April 29, 1981, Petitioner pled guilty to the charges for which he was arrested on November 20, 1980. On June 16, 1981, a revocation hearing was held and Petitioner was recommitted as a convicted parole violator and his maximum sentence was recomputed to December 18, 1983.

Petitioner argues that since he was not convicted for his new offense until after his original sentence had expired, the Board had no authority to recommit him as a parole violator and recompute his sentence. Petitioner admits, as he must, that this Court in *Kuykendall v. Pennsylvania Board of Probation and Parole,* 26 Pa. Commonwealth Ct. 234, 363 A.2d 866 (1976) held that the Board can recommit and recompute the sentence of a parolee who commits a crime while on parole but who is not convicted until after his original sentence would have expired. Petitioner, however, contends that the instant case is factually distinguishable from *Kuykendall* because in *Kuykendall* the parolee had absconded and we held that he could not profit from his wrongdoing. In the instant case, it appears that six days after he was arrested for the new offense, a parole violation warrant was filed against Petitioner. A preliminary and detention hearing was held twenty-one days later and as we have noted, on January 19, 1981, nine days before his maximum sentence expired, the Board took action to detain Petitioner pending disposition of the criminal charges, to return him as a technical parole violator and to schedule an immediate violation hearing. For some reason, not explained in the record or in the

Board's brief, Petitioner was released from custody on January 28, the date his original sentence expired. Again, as we have noted, on February 10, 1981, he was declared delinquent for control purposes "as of November 20, 1980". Petitioner avers that he never received that notice. He further avers that had he been aware that he was delinquent, he would not have entered a plea of guilty to the new charge.

While we must agree with Petitioner that the factual situation here is markedly different from that in *Kuykendall* and that the Board's attempt to declare Petitioner delinquent retroactively seems to be without statutory or precedential case law authority, we must, nevertheless, give full force and effect to the pertinent language in Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.21a-(a) which reads as follows:

> (a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole . . . commits any crime punishable by imprisonment . . . to which he pleads guilty . . . *at any time thereafter* in a court of record, may, at the discretion of the board, be recommitted as a parole violator. (Emphasis added.)

Here, Petitioner admits that he committed the crime while on parole and that he pled guilty thereto. The Board, therefore, had the discretion to recommit him as a parole violator, notwithstanding the expiration of his maximum sentence in the interim.[2]

---

[2] We are of the opinion that the reference in Section 21.1(a) to a parolee "under the jurisdiction of the Board" is merely to distinguish such persons from those parolees who are on probation or parole from county institutions and, therefore, not under the jurisdiction of the Board.

Petitioner apparently recognizes that the statutory language is broad enough to cover the circumstances of his case because his second contention is that Section 21.1(a) violates his constitutional right to due process of law because the extension of his maximum sentence subjects him to double jeopardy. In *Commonwealth ex rel. Thomas v. Myers*, 419 Pa. 577, 215 A.2d 617 (1966), *overruled on other grounds, Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), our Supreme Court considered a similar constitutional challenge and held that the contention was squarely determined against the parolee in *United States ex rel. Horne v. Pennsylvania Board of Parole*, 234 F. Supp. 368 (E.D. Pa. 1964). Notwithstanding this binding precedent, Petitioner asks us to reconsider the issue and refers us to Section 9721 of the Sentencing Code, 42 Pa. C. S. §9721 which, in sub-section (b) requires a sentencing judge to state on the record the reason or reasons for the sentence imposed. Of course, the provisions of the Sentencing Code, neither expressly nor by implication, apply to the procedures of the Board. *See* 42 Pa. C. S. §9721. Petitioner finally contends that the language of Section 21.1(a) gives the Board no discretion to take into consideration extenuating or mitigating circumstances. To the contrary, the plain language of the statute is that the parolee *may*, ''at the discretion of the Board'', be recommitted.

Finding that the Board acted within its authority in the instant case and that there has been no abuse of discretion, we must affirm the Board's action.

### ORDER

The action of the Board of Probation and Parole in recommitting Riskie Trenge as a parole violator and recomputing his maximum sentence, is affirmed.