IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Lancaster, III,           :
                    Petitioner    :
                                  :
              v.                  :
                                  :
Pennsylvania Board of Probation   :
and Parole,                       :   No. 735 C.D. 2015
                    Respondent    :   Submitted: November 25, 2015


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MARY HANNAH LEAVITT, Judge[1]
          HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: March 7, 2016


          William Lancaster, III (Lancaster) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) November 13, 2014 order denying his petition for administrative review. The sole issue before the Court is whether the Board unconstitutionally extended Lancaster's maximum sentence release date. After review, we affirm.

          On December 17, 2009, Lancaster was sentenced to serve two to four years' incarceration after pleading guilty to charges involving the manufacture, sale, delivery or possession with intent to deliver of a controlled substance. The maximum release date for this sentence was April 14, 2013. On April 21, 2011, the Board paroled Lancaster. On January 31, 2013, the police arrested Lancaster for committing several new crimes. On that same day, the Board issued a detainer for

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

Lancaster. On February 1, 2013, Lancaster was detained in lieu of bail and charges were docketed in the Montgomery County Court of Common Pleas (new charges). Lancaster was released on the new charges, but he remained confined on the Board's detainer which was lifted on April 14, 2013, when Lancaster's original maximum sentence release date expired.

On October 30, 2013, Lancaster pled guilty to the new charges. The Board re-lodged its detainer against Lancaster on November 8, 2013. Lancaster waived his right to a parole revocation hearing concerning his new criminal charges. Accordingly, the Board recommitted Lancaster as a convicted parole violator. On March 13, 2014, Lancaster was sentenced on the new charges to serve two concurrent one-to-three-year terms in a state correctional institution, plus two years of probation. By June 30, 2014 decision, the Board recalculated Lancaster's maximum sentence release date from April 14, 2013 to September 18, 2015, denying Lancaster credit for time at liberty on parole.

Lancaster petitioned for administrative relief from the Board's June 30, 2014 decision, objecting to the September 18, 2015 maximum sentence release date. On November 13, 2014, the Board affirmed its June 30, 2014 decision. On May 4, 2015, Lancaster filed a petition with this Court for leave to file a petition for review *nunc pro tunc* (Lancaster's Petition). In response, on May 20, 2015, the Board filed a petition to dismiss for lack of jurisdiction (Board's Petition). On June 15, 2015, this Court granted Lancaster's Petition, denied the Board's Petition and accepted Lancaster's Petition for Review.[2]

Lancaster argues that the Board acted unconstitutionally when it set a new maximum sentence release date under Section 6138(a) of the Prisons and Parole

---

[2] "Our review in a parole revocation action is limited to determining whether the findings were supported by substantial evidence, whether constitutional rights were violated, or whether the Board committed an error of law." *Flowers v. Pa. Bd. of Prob. & Parole*, 987 A.2d 1269, 1271 n.3 (Pa. Cmwlth. 2010).

Code (Code), 61 Pa.C.S. § 6138(a). Specifically, Lancaster contends that the Board's extension of his maximum date beyond his judicially-imposed maximum date violates the separation of powers doctrine by authorizing the Board to intrude upon the courts' discretionary powers to establish a maximum sentence date.

> A basic precept of our form of government is that the executive, the legislature and the judiciary are independent, co-equal branches of government. . . . Under the principle of separation of the powers of government, . . . no branch should exercise the functions exclusively committed to another branch.

*Sweeney v. Tucker*, 375 A.2d 698, 705 (Pa. 1977) (citations omitted).

> Section 6138(a) of the Code provides in relevant part:
>
> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), **shall be given no credit for the time at liberty on parole.**

61 Pa.C.S. § 6138(a) (emphasis added).

Our Supreme Court has long held that recommitment of a convicted parole violator does not offend the separation of powers doctrine. In *Young v. Penn*[*sylvania*] *Board of Probation and Parole*, 409 A.2d 843 (Pa. 1979), the Supreme Court addressed the same issue raised herein:

> This Court answered this precise question adversely to appellant in *Commonwealth ex rel. Ohodnicki v.*

3

*Pennsylvania Board of Parole*, . . . 211 A.2d 433 ([Pa.] 1965). There we stated:

> The petitioner argues that the Parole Board, as an [a]dministrative body, is without power to extend expiration date of his original maximum term. *It is the Legislature and not the* [*Board*] *that has extended the maximum,* [*expiration*] *date of his original sentence. . . .*
>
> It is thus clear that the [Board] has not, as contended by the petitioner, unlawfully extended the term of his maximum sentence, but has merely withdrawn from the petitioner credit for the time he was at liberty on parole, . . . . (Emphasis added).

*Young*, 409 A.2d at 846 n.5 (quoting *Ohodnicki*, 211 A.2d at 434-35). The *Young* Court explained:

> [A] denial of credit [for time spent on parole] . . . does not effect the sentence in such a manner as would be offensive to the doctrine of separation of powers. . . .
>
> > There is no doubt that the Board can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence would have expired. (Citations omitted). [Parolee] desires to profit from the fact that he absconded and was delinquent on the date of expiration of his original sentence, . . . . There is no reason why a delinquent parolee should so profit . . . .
>
> *Kuykendall v. P[a.] Bd. of Prob[. &] Parole*, . . . 363 A.2d 866, 868 ([Pa. Cmwlth.] 1976).
>
> To allow a delinquent parolee to have the benefit of 'street time'[3] during which he ignored the conditions of his parole would render parole impotent as a corrective device and

---

[3] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

4

would in fact lessen the judicially mandated period of custody. . . .

. . . .

[W]e are satisfied that the [] Board's power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power.

*Young*, 409 A.2d at 848. *See also Davidson v. Pa. Bd. of Prob. & Parole*, 33 A.3d 682 (Pa. Cmwlth. 2011) (wherein this Court, relying on *Young*, found that the Board did not violate the separation of powers doctrine by recommitting a convicted parole violator without credit for time served, pursuant to Section 6138 of the Code).

Because both our Supreme Court and this Court have definitively addressed and rejected the very argument Lancaster raised, the Board's decision is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Lancaster, III,                     :
                         Petitioner         :
                                            :
             v.                             :
                                            :
Pennsylvania Board of Probation             :
and Parole,                                 :    No. 735 C.D. 2015
                         Respondent         :

## O R D E R

AND NOW, this 7th day of March, 2016, the Pennsylvania Board of Probation and Parole's November 13, 2014 order is affirmed.

_____
ANNE E. COVEY, Judge