J-S12003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| BRANDON NEIL CAVANAUGH | |
| Appellant | No. 902 MDA 2016 |

Appeal from the Order Entered May 18, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003471-2006

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 10, 2017**

Appellant, Brandon Neil Cavanaugh, appeals *pro se* from the trial court order entered in the Dauphin County Court of Common Pleas denying his *habeas corpus* petition. As we find that the trial court correctly determined that it was without jurisdiction to entertain Appellant's petition, we affirm.

Appellant pled guilty to aggravated indecent assault of a person less than thirteen years of age, and was sentenced on August 16, 2007, to three to ten years' imprisonment. The trial court gave Appellant credit for all time served. Therefore, Appellant's minimum release date was calculated as July 25, 2010, and his maximum release date as July 25, 2017.

The Pennsylvania Board of Probation and Parole ("Board") paroled Appellant on July 31, 2012. However, on August 1, 2013, Appellant was arrested for a new charge in York County. Around this time, the Board

placed a parole detainer on Appellant for a technical parole violation. On April 22, 2014, Appellant pleaded guilty to the new charges and was sentenced on those charges to one and a half to three years' imprisonment.

On July 10, 2014, the Board notified Appellant that following his parole violation for gaining new charges, his maximum release date on his original sentence had been recalculated to April 16, 2019. Appellant filed a request for relief with the Board, challenging the April 16, 2019 extension of his sentence. Following a hearing, the Board denied Appellant's challenge to the recalculation of his maximum date on February 9, 2016. Appellant then filed a petition for writ of *habeas corpus* with the trial court on May 11, 2016. The trial court dismissed Appellant's petition for lack of jurisdiction. This timely appeal follows.

On appeal, Appellant raised the following issues for our review.

1. Did the [trial] court err, as a matter of law, by dismissing Appellant's pro se writ of habeas corpus to compel the Pennsylvania Board of Probation and Parole to abide by the [trial] court's original sentence, claiming to not have subject matter jurisdiction?

2. Did the [trial] court err by allowing it's [sic] authority to be usurped by the Pennsylvania Board of Probation and Parole, as a matter of law, by permitting the Pennsylvania Board of Probation and Parole to illegally extend the maximum sentence imposed by the court, thus directly violating Appellant's constitutional rights?

Appellant's Brief, at 3 (some capitalization omitted).

Appellant's first issue on appeal challenges the trial court's determination that it lacked subject matter jurisdiction to hear Appellant's

petition. **See** Appellant's Brief, at 3, 8-10. The Commonwealth contends that

the trial court correctly determined that it lacked subject matter jurisdiction

as appeals from decisions of the Board are within the exclusive jurisdiction of

the Commonwealth Court. **See** Commonwealth's Brief, at 3, 5. Appellant

conceded that case law provides that the Commonwealth Court has

jurisdiction over challenges to decisions of the Board. **See** Appellant's Brief,

at 9. However, Appellant contends that the trial court had jurisdiction over

his petition because the trial court "has jurisdiction to hear a matter dealing

with the altering of their original sentencing order by a non-judicial body."

**Id**.

> For prisoners whose maximum sentence is two or more years, the Board has the exclusive power "to parole and reparole, commit and recommit for violations of parole, and to discharge from parole. . . ." 61 P.S. § 331.17. The Board may extend the expiration of an offender's maximum sentence upon his recommitment as a convicted parole violator. 61 P.S. § 331.21a; **Eckert v. Pa. Bd. of Probation and Parole**, 33 Pa.Cmwlth. 390 A.2d 1030 (1978)

> A parolee may request administrative review of a Board determination "relating to revocation decisions," within thirty days of the mailing date of the Board's determination. 37 Pa. Code § 73.1(b)(1); *accord* **Cadogan v. Commonwealth, Pa. Bd. of Probation and Parole** 116 Pa. Cmwlth. 249, 541 A.2d 832, 833 (1988) (construing former 37 Pa. Code § 71.5(h)). Appellate review of administrative parole orders, *i.e.*, orders issued by the Board as opposed to parole orders issued by common pleas courts, is within the exclusive jurisdiction of the Commonwealth Court. **Commonwealth v. McDermott**, 377 Pa. Super. 623, 547 A.2d 1236 (1988); **see also Commonwealth v. Fells**, 513 Pa. 18, 518 A.2d 544 (1986) (holding that questions concerning orders of the Board are in the appellate jurisdiction of the Commonwealth Court); **Evans v. Pa. Dept. of Corrections**, 713 A.2d 741, 743 (Pa. Cmwlth. 1998) (holding that an appeal from a Board decision extending the defendant's

maximum release date was within the Commonwealth Court's appellate jurisdiction).

***Com., Dept. of Corrections v. Reese***, 774 A.2d 1255, 1259-1260 (Pa. Super. 2001).

Here, it is clear that our precedent requires Appellant to appeal his denial of his petition with the Board to the Commonwealth Court. Appellant instead choose to file a petition for writ of *habeas corpus* with the trial court. While Appellant contends that he was unaware of the correct appellate procedure, we note that he did not file his petition with the trial court until two months after his appeal period to the Commonwealth Court had lapsed. Under these circumstances, it appears Appellant was using his petition for writ of *habeas corpus* as a way to skirt his lapsed appeal period and preserve a challenge to the Board's recalculation of his maximum release date.

Further, Appellant's reasoning for the trial court's jurisdiction fails as the Board has *express statutory power* to recalculate a convicted parole violator's maximum sentence upon recommitment. ***See*** 61 P.S. § 6138(a)(2) (detailing procedure for recalculation of time upon recommitment of parole violator). Thus, because Appellant did not establish alternate jurisdiction, and as jurisdiction for appeals from the Board's recalculation of a maximum release date is solely vested in the Commonwealth Court, we find that the trial court correctly determined that it did not have jurisdiction to hear this matter.

As we have determined that the trial court did not have jurisdiction to hear Appellant's petition, we need not reach the merits of Appellant's second contention on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2017