IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Harvey,                          :
                                         :
                    Petitioner           :
                                         :
          v.                             : No. 1375 C.D. 2017
                                         : Submitted: July 27, 2018
Pennsylvania Board of                    :
Probation and Parole,                    :
                                         :
                    Respondent           :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: September 7, 2018


          Gregory Harvey (Harvey) petitions for review of an order of the

Pennsylvania Board of Probation and Parole (Board) that denied his administrative

appeal from a parole revocation decision, which recommitted him as a convicted

parole violator to serve 30 months of backtime.  Harvey contends that the Board

improperly extended his judicially-imposed maximum release date, failed to

properly allocate credit for time served on his parole detainer, and abused its

discretion by failing to reconsider its revocation decision in light of an overturned

conviction.  Discerning no error, we affirm.

## I. Background

In February 2009, the Court of Common Pleas of Philadelphia County (trial court) found Harvey guilty of two counts of drug - manufacture/sale/deliver or possession with intent to deliver (PWID) and one count of engaging in criminal conspiracy. Certified Record (C.R.) at 1. The trial court sentenced Harvey to a term of 2 years and 3 months to 6 years. C.R. at 1. Harvey's maximum sentence date was February 17, 2015. C.R. at 1.

On May 24, 2011, the Board released Harvey on parole subject to conditions. C.R. at 4, 69. On June 26, 2014, while on parole, Harvey was arrested and charged with PWID, conspiracy, prohibited possession of a firearm, possession of a controlled substance by person not regulated, possession of an instrument of a crime with intent, and criminal use of a communication facility. C.R. at 11-15, 18.

On June 27, 2014, the Board issued a warrant to commit and detain Harvey based on the new criminal charges. C.R. at 16. The Board charged Harvey with violating his parole by having new criminal charges pending. C.R. at 26. Harvey waived his rights to a detention hearing and representation by counsel. C.R. at 27.

On August 21, 2014, the trial court changed the bail on the new criminal charges from $350,000 at 10 percent to "ROR" (release on his own recognizance). C.R. at 18. From this date forward, Harvey was detained solely on the Board's warrant.

On February 17, 2015, Harvey reached his maximum sentence date, and the Board released him on parole. C.R. at 70. The Board issued an administrative action declaring Harvey delinquent for control purposes based on the pending criminal charges. C.R. at 49.

2

In December 2015, the trial court convicted Harvey of PWID, conspiracy for the same conduct, possession of an instrument of a crime, and criminal use of a communication facility. C.R. at 35-36. In response, the Board lodged a warrant to commit and detain Harvey noting: "Although [the] offender's original maximum sentence was 02/17/2015, the maximum sentence is being extended due to a new conviction. The new maximum sentence will be computed upon recording of the Board's final action." C.R. at 50.

In February 2016, the trial court sentenced Harvey to a term of 2½ to 5 years on the new charges, followed by 5 years of probation. C.R. at 35-36. Harvey returned to state custody, pending resolution of his status as a convicted parole violator. C.R. at 59, 70.

The Board provided Harvey with notice of charges and a hearing date regarding his parole violation. Harvey signed waivers of his rights to a revocation hearing and to counsel, and admitted to having been convicted of the new criminal charges. C.R. at 56-58. By revocation decision dated May 3, 2016,[1] the Board recommitted Harvey as a convicted parole violator, with no credit for time spent at liberty on parole, to serve 30 months' backtime based on the new convictions. C.R. at 59-66. The Board calculated a new maximum sentence date of August 1, 2019,

---

[1] The revocation decision was recorded on May 6, 2016, and mailed on June 8, 2016. However, May 3, 2016, is the date on which the Board obtained the second signature from a panel member necessary to recommit Harvey as a convicted parole violator and is the date used as his custody for return date for calculation purposes. C.R. at 66, 69; *see Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 769 (Pa. Cmwlth. 2015) (backtime is computed from the date the Board obtained the necessary signatures to recommit the parolee); *see also Campbell v. Pennsylvania Board of Probation and Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980) (service of backtime on the old sentence must be computed from and begin on the date the Board revoked parole).

3

which included credit for 180 days of confinement spent on the Board's detainer. C.R. at 1-3, 67-69.

Harvey, representing himself, filed an administrative appeal challenging the imposition of backtime based on the possession of an instrument of a crime conviction, which he appealed, and seeking relief and reconsideration of the 30 months' backtime imposed. C.R. at 71. In support, Harvey sent several letters to the Board regarding the status of his criminal appeal. C.R. at 74-81, 83-90, 92-96. In the latter correspondence, Harvey relayed that the Pennsylvania Superior Court overturned the possession of an instrument of a crime conviction and remanded the case to the trial court for resentencing. C.R. at 92, 94; *see Commonwealth v. Harvey* (Pa. Super., No. 705 EDA 2016, filed March 29, 2017). Harvey asked the Board whether the outcome in his criminal appeal would affect his administrative appeal with the Board. C.R. at 92, 94.

By decision dated September 20, 2017, the Board affirmed its revocation decision explaining that Harvey waived his right to a revocation hearing and admitted to the new convictions, including the possession of an instrument of a crime. C.R. at 97.

From this decision, Harvey filed a *pro se* petition for review with this Court.[2] This Court appointed the Public Defender of Montgomery County to represent Harvey in his appeal.

---

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 764 (Pa. 2017).

4

## II. Issues

In his counseled petition, Harvey presents three claims. First, Harvey asserts that the Board improperly extended his judicially-imposed maximum release date to August 1, 2019. Second, he claims that the Board failed to properly allocate credit for time served on his parole detainer. Third, he contends that the Board abused its discretion by failing to reconsider its revocation decision based upon his overturned criminal conviction.

## III. Discussion
## A. Maximum Sentence Date

First, Harvey contends that the Board improperly recalculated his judicially-imposed maximum release date to August 1, 2019. Harvey argues that the Board does not have jurisdiction to impose additional backtime and alter his judicially-imposed original maximum release date. He claims his unexpired term of 3 years, 2 months and 28 days exceeds the maximum term of his judicially-fixed sentence. According to Harvey, any extension of prison time beyond the judicially-imposed termination date of February 17, 2015, constitutes a violation of his liberty interests without due process of law.

Due process is satisfied as long as the statute utilized by the Board contains "reasonable standards to guide the prospective conduct." *Commonwealth v. Mikulan*, 470 A.2d 1339, 1343 (Pa. Cmwlth. 1983) (quoting *Commonwealth v. Heinbaugh*, 354 A.2d 244, 246 (Pa. 1976)). Section 6138(a)(1) of the Prisons and Parole Code (Parole Code) provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. §6138(a)(1). If the parolee is recommitted as a convicted parole violator, he must

5

serve the remainder of the term which he would have been compelled to serve had parole not been granted, with no credit for the time at liberty on parole, unless the Board chooses to award credit. 61 Pa. C.S. §6138(a)(2), (2.1); *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

When computing the time yet to be served on the original sentence, time spent at liberty on parole is added to the original maximum expiration date to create a new maximum expiry. *Armbruster*, 919 A.2d at 351. However, the Board cannot require a convicted parole violator to serve more than the remaining balance of his unexpired sentence. 61 Pa. C.S. §6138(a)(2); *Savage v. Pennsylvania Board of Probation and Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000); *McCauley v. Pennsylvania Board of Probation and Parole*, 510 A.2d 877, 879 n.8 (Pa. Cmwlth. 1986). In other words, the Board cannot extend the "duration of the sentence." *Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897, 901 (Pa. 1942). "The fixing of the term of the sentence is exclusively a judicial function." *Id.* Therefore, the Board cannot impose backtime that exceeds the entire remaining balance of the parolee's unexpired term. *Id.; Hall v. Pennsylvania Board of Probation and Parole*, 733 A.2d 19, 23 (Pa. Cmwlth.), *appeal denied*, 794 A.2d 364 (Pa. 1999); *Davenport v. Pennsylvania Board of Probation and Parole*, 656 A.2d 581, 583-84 (Pa. Cmwlth.1995); *McCauley*, 510 A.2d at 879 n.8.

"There is no doubt that the Board can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence would have expired." *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979) (quoting *Kuykendall v. Pennsylvania Board of Probation and Parole*, 363 A.2d 866, 868 (Pa. Cmwlth.

1976)). Such authority does not usurp the court's sentencing function or violate a parolee's due process rights. *Young*, 409 A.2d at 846-47. As our Supreme Court has explained:

> A parole, . . . , does not obliterate the crime or forgive the offender. It is not an act of clemency, but a penological measure for the disciplinary treatment of prisoners who seem capable of rehabilitation outside of prison walls. It does not set aside or affect the sentence, . . . .

*Id.* at 847 (quoting *Banks*, 28 A.2d at 899) (emphasis omitted).

Here, at the time of Harvey's parole, 1365 days (3 years, 2 months and 28 days) remained on his original sentence.[3] C.R. at 69. Based on his new criminal convictions, the Board voted to recommit Harvey as a convicted parole violator on May 3, 2016. C.R. at 59-66. The Board chose not to award credit for time spent at liberty on parole based on Harvey's extensive history of illegal drug involvement and his new criminal convictions. C.R. at 61, 66. The Board credited Harvey with 180 days for the time he spent solely on the Board's detainer after the trial court removed the bond requirement (February 17, 2015 – August 21, 2014 = 180 days). As a result, Harvey owed 1185 days on his original sentence (1365 – 180 = 1185). Adding 1185 days to his May 3, 2016 recommitment date resulted in a new maximum expiration date of August 1, 2019. Moreover, Harvey's unexpired term exceeds the 30 months' backtime imposed by the Board. Upon review, the Board did not err in its calculation.

Insofar as Harvey objects to the fact that the new maximum expiration date, August 1, 2019, is beyond the expiration of his original maximum sentence date of February 17, 2015, this argument is specious. It is the *length* or *duration* of

---

[3] This is the time between May 11, 2011, his release date, and February 17, 2015, his original maximum sentence date.

7

the maximum sentence that controls, not the *date*. *Banks*. While the Board may not alter the duration of a judicially-imposed sentence, it may recommit the parolee to serve the remainder of his original sentence and recalculate the date of his maximum sentence accordingly. *Young*. Although the new maximum sentence date of August 1, 2019, is beyond the expiration of Harvey's original maximum release date, the Board did not extend or otherwise alter the *duration* of his original sentence. The Board merely directed completion of the original judicially-imposed sentence. We, therefore, conclude that the Board acted within its authority and did not err in this regard.

## B. Credit for Time Served

Next, Harvey contends that the Board erred or abused its discretion by not crediting him for time spent in good standing on parole and by failing to properly allocate credit for time served on his parole detainers.

Section 6138(a)(2) of the Parole Code, which governs the revocation of parole and the subsequent computation of a convicted parole violator's remaining sentence, states no credit "shall be given . . . for the time at liberty on parole." 61 Pa. C.S. §6138(a)(2). The Board "may, in its discretion award credit" to a convicted parole violator for time spent at liberty on parole unless the offender is convicted of certain specified offenses. 61 Pa. C.S. §6138(a)(2.1). These offenses include:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

8

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1)(i), (ii).

When the offense does not fall within one of the enumerated exceptions, the Board must conduct an individual assessment of the facts and circumstances surrounding his parole revocation. *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 474 (Pa. 2017). "[T]he Board must articulate the basis for its decision to grant or deny . . . credit for time served at liberty on parole." *Id.* Failure to provide a reason constitutes an abuse of discretion necessitating a remand. *Id.*

In this case, Harvey was not recommitted for reasons enumerated in Subsections 6138(a)(2.1)(i) and (ii). Indeed, the Board concedes that "[t]he conviction for which the Board recommitted Harvey is not among the offenses that would *automatically* prohibit him from receiving credit for time at liberty on parole." Respondent's Brief at 17 (emphasis added). Nevertheless, the Board denied credit. In so doing, the Board provided a contemporaneous statement of reasons for the denial. C.R. at 66. Specifically, the Board cited Harvey's extensive history of illegal drug involvement and the fact that Harvey was convicted of the new charges, which he committed while on parole, subsequent to what would have been the natural maximum date of his original sentence. C.R. at 66. The Board's reason is sufficient to deny Harvey credit for time served at liberty on parole. *See Pittman*. Thus, we conclude that the Board did not err or abuse its discretion in this regard.

With regard to allocation of time served on the Board's detainers, we likewise discern no error. "[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to

9

either the new sentence or the original sentence." *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003); *accord Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 n.6 (Pa. 1980); *see Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 769 (Pa. 2017) (holding *Martin* and *Gaito* remain the rule in this Commonwealth for how credit is applied). As our Supreme Court held in *Gaito*:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

412 A.2d at 571.

On June 26, 2014, Harvey was arrested on new criminal charges. As a result of his arrest, the Board issued a warrant to commit and detain Harvey. Because Harvey did not post bail, the time served was applied to his new sentence, not to his original sentence. Once the trial court released Harvey on his own recognizance on August 21, 2014, Harvey remained in custody solely on the Board's detainer until the expiration of his original maximum sentence date of February 17, 2015. The Board properly credited this period of detention, 180 days, to the unexpired term on Harvey's original sentence. C.R. at 69. Thus, we conclude that the Board properly credited the time served on the Board's detainer.

### C. Effect of Overturned Conviction

Lastly, Harvey claims that the Board erred or abused its discretion by refusing to investigate the current status of his convictions or reconsider its

10

determination based on changes in both his criminal convictions and sentences. Harvey asserts that the Board's failure in this regard constitutes a denial of his constitutional right to due process by taking away his right to liberty without first conducting a hearing.

"This [C]ourt will not interfere with the Board's discretion where the parole violations are supported by substantial evidence and the amount of backtime imposed . . . is within the applicable presumptive range." *Davis v. Pennsylvania Board of Probation and Parole*, 841 A.2d 148, 151-52 (Pa. Cmwlth. 2004) (footnote omitted). Indeed, "[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment." *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990).

As to the applicable presumptive ranges at issue here, the Board's regulation states:

> If the Board orders the recommitment of a parolee as a convicted parole violator, the parolee shall be recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled, in accordance with the following presumptive ranges:

| Offense Categories | Presumptive Ranges |
|---|---|
| * * * * | |
| Criminal Mischief: | |
|    Felony of the Third Degree | 6 months to 12 months |

11

| | |
|---|---|
| * * * * | |
| Drug Law Violations: | |
| Felony with Statutory Maximum of 15 years | 24 months to 36 months |
| * * * * | |
| Possessing Instruments of Crime | 6 months to 12 months |

37 Pa. Code §75.2. The Board applied these presumptive ranges to Harvey's new convictions as follows:

| Arrest | Convictions / Grading | Presumptive Range [in months] |
|---|---|---|
| 1 | PWID (Percocet/Cocaine) / F | 24 – 36 M |
| 2 | [Criminal Conspiracy]-PWID / F | 24 – 36 M |
| 3 | [Possessing Instruments of Crime] / M1 | 6 – 12 M |
| 4 | Criminal Use of a Communications Facility / F3 | 6 – 12 M |

C.R. at 61; *see* C.R. at 35-36. The new convictions carried a range of 24 to 96 months. C.R. at 61.

The Board recommitted Harvey to serve 30 months' backtime based on all four convictions. Shortly thereafter, Harvey succeeded in having his possession of an instrument of a crime conviction overturned, and he requested the Board to

recalculate his backtime on this basis. C.R. at 94. The Board affirmed the imposition of 30 months. C.R. at 97.

Upon review, the reversal of the conviction of possession of an instrument of a crime does not entitle Harvey to a reduction in backtime. Harvey's backtime penalty of 30 months is within the 24-36 months' presumptive range applicable to two of the three admittedly valid convictions remaining (PWID and criminal conspiracy). *See Kyte v. Pennsylvania Board of Probation and Parole*, 680 A.2d 14, 18 (Pa. Cmwlth. 1996) (remand not necessary where one parole violation is set aside provided the recommitment period falls within the presumptive range for the admitted violations); *Lawson v. Pennsylvania Board of Probation and Parole*, 524 A.2d 1053, 1057 (Pa. Cmwlth. 1987) (same); *cf. Harper v. Pennsylvania Board of Probation and Parole*, 520 A.2d 518, 523-24 (Pa. Cmwlth.), *appeal denied*, 531 A.2d 432 (Pa. 1987) (remand necessary where backtime for the remaining parole violations exceeded the presumptive range). Consequently, there is no corresponding reduction owed to Harvey with regard to backtime. Thus, we will not disturb the Board's decision affirming the imposition of 30 months' backtime.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Harvey,               :
                                   :
            Petitioner    :
                                   :
         v.             : No. 1375 C.D. 2017
                                   :
Pennsylvania Board of     :
Probation and Parole,     :
                                   :
          Respondent : 

**O R D E R**

AND NOW, this 7th day of September, 2018, the order of the Pennsylvania Board of Probation and Parole, dated September 20, 2017, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge