COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS, Appellant, (at 1366 and 1367)

v.

Emmitt REESE, Appellee.

Pennsylvania Board of Probation and Parole, Amicus Curiae.
(Two Cases)

Scott Richart, Appellee,

v.

Philip Johnson, Superintendent, State Correctional Institution at Pittsburgh, Appellant, (at 172)

Pennsylvania Board of Probation and Parole, Amicus Curiae.

Superior Court of Pennsylvania.

Argued Jan. 9, 2001.

Filed March 30, 2001.

1256

Sarah B. Hart, Camp Hill, for Pa. Dept. of Corrections, appellant.

J. Richard Narvin, Pittsburgh, for Reese and Richart, appellees.

Before FORD ELLIOTT, MUSMANNO and KELLY, JJ.

MUSMANNO, J.:

¶ 1 Appellants, the Pennsylvania Department of Corrections ("DOC") and Philip Johnson, Superintendent of the State Correctional Institution at Pittsburgh ("SCI"), appeal from Orders that granted Petitions for writs of *habeas corpus* filed by two prisoners, Appellees Emmitt Reese ("Reese") and Scott Richart ("Richart").[1] The Petitions were granted on the basis that Reese's and Richart's maximum prison terms had expired, and that they were therefore entitled to be discharged. For the reasons stated herein, we reverse both Orders.

¶ 2 The above cases have been consolidated for appeal. We first set forth the facts relevant to the *Reese* case.

*Reese*

¶ 3 Reese was sentenced, on August 17, 1984, to a prison term of two years, ten months to ten years on his conviction of robbery and related charges. The trial court made the sentence effective May 17, 1987; thus, the DOC calculated Reese's maximum release date as May 17, 1997.

¶ 4 On December 28, 1990, the Pennsylvania Board of Probation and Parole ("Board") granted Reese parole. Thereafter, he was returned to prison, and on February 10, 1992, a parole revocation hearing was conducted. The Board then recommitted Reese to DOC as a technical parole violator, and recalculated Reese's maximum release date as July 30, 1997. The Board reparoled Reese on February 22, 1992. *See* Brief for Appellant at 5.

¶ 5 The Board again returned Reese to state prison in both 1992 and 1993 as a technical parole violator. On August 15, 1994, the Board recalculated Reese's maximum release date as October 30, 1998, and subsequently reparoled Reese. *Id.* at 5–6.

¶ 6 Reese was returned to prison again in March, 1995 and June, 1995, but his release date remained the same. *Id.* at 6.

¶ 7 On September 28, 1998, Reese was arrested on new criminal charges in Allegheny County. The Board issued a warrant to advise DOC to detain Reese in prison, and to advise that Reese's maximum sentence would be extended.

¶ 8 On February 24, 1999, Reese filed a Petition for Review in the Commonwealth Court of Pennsylvania, alleging that his maximum term of imprisonment had expired and that he should be discharged. That Court, on March 1, 1999, determined that Reese was actually seeking *habeas corpus* relief, and that Reese's Petition for *habeas corpus* relief was not within that Court's original jurisdiction. The Court thus transferred the Petition to the Court of Common Pleas of Greene County, where Reese was incarcerated. Reese also contended that the Board had no authority or jurisdiction to extend his maximum sentence from May 17, 1997 to October 30, 1998. On March 31, 1999, the case was transferred to the Allegheny County Court of Common Pleas.

¶ 9 On May 27, 1999, the Allegheny County Court of Common Pleas ruled on Reese's Petition, and ordered that Reese

1. The Pennsylvania Board of Probation and Parole ("Board") has filed *amicus curiae* briefs in each case.

be discharged from custody on the basis that his sentence had expired on October 30, 1998, and that there was no additional violation that had extended that sentence. On June 17, 1999, Reese was convicted on the pending criminal charges and was sentenced to a prison term of ten to twenty months, with credit for time served.

¶ 10 On June 17, 1999, the Board issued a warrant to detain Reese in state prison. The warrant advised DOC and Reese that the maximum sentence was expected to be extended due to the new conviction. *Id.* at 7.

¶ 11 On June 23, 1999, DOC filed a Motion for Reconsideration of the trial court's May 27, 1999 Order discharging Reese from custody. The trial court vacated the May 27, 1999 Order "pending a decision on the Motion for Reconsideration." [2] Trial Court Order, 6/23/99. On July 7, 1999, after a hearing, the trial court granted Reese's writ of *habeas corpus,* and ordered that Reese be released forthwith. DOC then filed a timely Notice of appeal, to the Commonwealth Court, from the trial court's July 7, 1999 Order. On July 22, 1999, DOC filed a concise statement of matters complained of on appeal. On July 26, 1999, the Commonwealth Court transferred the appeal to this Court, on the basis that the appeal was from the grant of a writ of *habeas corpus.*

¶ 12 DOC raises three issues on appeal:

1. Whether the trial court had jurisdiction to release Reese, a state prisoner held pursuant to a state parole detainer?

2. Whether the trial court erred in overruling a Parole Board detainer decision when the trial court held that Reese was entitled to credit for time spent on parole where Reese committed a new crime?

3. Whether the trial court erred in denying DOC's request for a continuance at the hearing on DOC's Motion for reconsideration?

*See* Brief for Appellant DOC (in *Reese*) at 4.

### *Richart*

¶ 13 Richart pled guilty to the offense of theft by unlawful taking, and was sentenced, by the trial court, on September 19, 1990, to five years of probation. On May 8, 1991, the trial court revoked the original term of probation and imposed another five-year probation term. On May 27, 1994, Richart was sentenced, by the trial court, to a prison term of two to five years for the crime of theft by unlawful taking. *See* 18 Pa.C.S.A. § 3921(a). The trial court imposed this sentence after Richart violated his sentence of probation for the crime. The trial court gave Richart credit for time served. Thus, Richart's minimum release date was calculated as June 14, 1995, and his maximum release date as June 14, 1998. *See* Brief for Appellant at 5.

¶ 14 The Board paroled Richart on June 14, 1995. Subsequently, he was arrested and detained as a technical parole violator on April 12, 1996. On May 10, 1996, Richart was arrested, while incarcerated, and charged with one count of theft by unlawful taking, 18 Pa.C.S.A. § 3921, and nine counts of unlawful use of computers, 18 Pa.C.S.A. § 3933. On March 19, 1997, the trial court sentenced Richart to a prison term of six to eighteen months for the crime of theft by unlawful taking, granted him credit for time served, and ordered

---

**2.** Because the trial court's Order of May 27, 1999 was vacated, that Order is not a proper subject of this appeal.

that he be paroled after six months. *Id.* at 5–6.

¶ 15 On October 27, 1997, the Board recommitted Richart as a parole violator, and recomputed his release date to February 21, 2000. The Board then reparoled Richart on May 17, 1998. *Id.* at 6.

¶ 16 Richart was arrested again as a parole violator on April 1, 1999. On June 3, 1999, the Board notified Richart that his maximum release date remained February 21, 2000. *Id.*

¶ 17 On June 25, 1999, Richart filed a request for relief with the Board, challenging the June 3, 1999 extension of his sentence. The Board dismissed his request, on October 5, 1999, on the basis that the request for relief was untimely, as the maximum release date had been calculated on October 27, 1997. *Id.*

¶ 18 On October 28, 1999, Richart filed a Petition for writ of *habeas corpus* in the trial court, challenging the Board's October 27, 1997 recomputation of his maximum sentence. Richart asserted that he had served the maximum term of his sentence as of October 12, 1999, and that the time he served from November 10, 1996 to May 17, 1998, should have been credited to his original sentence rather than his second sentence. *Id.*

¶ 19 The trial court held a hearing on Richart's Petition on December 6, 1999, and granted his Petition on December 15, 1999. SCI then filed a timely Notice of appeal of the December 15, 1999 Order.

¶ 20 SCI raises two issues on appeal:

1. Whether the trial court had jurisdiction to review a final determination of the Board where Richart did not appeal

that determination to the Commonwealth Court;

2. Whether the Board erred in concluding that Richart was entitled to retroactive parole credit.

*See* Brief for Appellant SCI (in *Richart*) at 4.

¶ 21 The first issue raised in both cases is whether the respective trial courts had jurisdiction to hear and grant Reese's and Richart's Petitions for writs of *habeas corpus.*[3]

¶ 22 Under Pennsylvania law, the authority to parole convicted offenders "is split between the common pleas courts and the Pennsylvania Board of Probation and Parole [the Board]." *Commonwealth v. Tilghman,* 438 Pa.Super. 313, 652 A.2d 390, 391 (1995), *aff'd,* 543 Pa. 578, 673 A.2d 898 (1996). "When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum term is two years or more, authority to grant or revoke parole is vested in the [Board]." *Id.*

¶ 23 For prisoners whose maximum sentence is two years or more, the Board has exclusive power "to parole and reparole, commit and recommit for violations of parole, and to discharge from parole . . . ." 61 P.S. § 331.17. The Board may extend the expiration of an offender's maximum sentence upon his recommitment as a convicted parole violator. 61 P.S. § 331.21a; *Eckert v. Pa. Bd. of Probation and Parole,* 33 Pa.Cmwlth. 390, 381 A.2d 1030 (1978).

¶ 24 A parolee may request administrative review of a Board determina-

---

3. DOC did not raise the issue of the trial court's jurisdiction in its Statement of Matters Complained of on Appeal. However, we will address this issue because an objection to the court's lack of jurisdiction can never be waived. *Commonwealth v. Clark,* 354 Pa.Super. 366, 511 A.2d 1382, 1384 (1986).

tion, "relating to revocation decisions," within thirty days of the mailing date of the Board's determination. 37 Pa.Code § 73.1(b)(1); *accord Cadogan v. Commonwealth, Pa. Bd. of Probation and Parole* 116 Pa.Cmwlth. 249, 541 A.2d 832, 833 (1988) (construing former 37 Pa.Code § 71.5(h)). Appellate review of administrative parole orders, *i.e.*, orders issued by the Board as opposed to parole orders issued by common pleas courts, is within the exclusive jurisdiction of the Commonwealth Court. *Commonwealth v. McDermott*, 377 Pa.Super. 623, 547 A.2d 1236 (1988); *see also Commonwealth v. Fells*, 513 Pa. 18, 518 A.2d 544 (1986) (holding that questions concerning orders of the Board are in the appellate jurisdiction of the Commonwealth Court); *Evans v. Pa. Dept. of Corrections*, 713 A.2d 741, 743 (Pa.Cmwlth.1998) (holding that an appeal from a Board decision extending the defendant's maximum release date was within Commonwealth Court's appellate jurisdiction). A parolee is required to exhaust all of his administrative remedies before he has a right to judicial review of an order of the Board. *Evans*, 713 A.2d at 743; *St. Clair v. Commonwealth, Pa. Bd. of Probation and Parole*, 89 Pa.Cmwlth. 561, 493 A.2d 146 (1985).

¶ 25 The writ of *habeas corpus* is an extraordinary remedy that is available after other remedies have been exhausted or are ineffectual or nonexistent. *Moore v. Roth*, 231 Pa.Super. 464, 331 A.2d 509, 511 (1974) (citation omitted). The writ will not issue if another remedy exists and is available. *Id.* The writ is not a substitute for appellate review. *Commonwealth v. Wolfe*, 413 Pa.Super. 583, 605 A.2d 1271 (1992); *see Wilson v. Commonwealth, Bureau of Corrections*, 85 Pa.Cmwlth. 32, 480 A.2d 392 (1984) (holding that a petition seeking the correction of the Board's action in aggregating a defendant's two sentences does not sound in *habeas corpus*); *cf. Brown v. Dept. of Corrections*, 144 Pa.Cmwlth. 610, 601 A.2d 1345 (1992) (holding that a petition in which prisoners were directly challenging the legality of their continued detention, which was not grounded merely on an administrative calculation, was in the nature of *habeas corpus*).[4]

¶ 26 In *Reese*, on August 15, 1994, the Board recalculated Reese's release date to October 30, 1998. Reese did not file an appeal of that determination. On February 24, 1999, Reese filed his Petition for *habeas corpus*. At that time, Reese's maximum release date had expired, and no new maximum date had been calculated. However, Reese was being detained at that time on new criminal charges. Reese was convicted and sentenced on those new charges on June 17, 1999. When the trial

---

4. In *Commonwealth v. Isabell*, 503 Pa. 2, 467 A.2d 1287 (1983), the Pennsylvania Supreme Court held that a PCRA petition was not the proper vehicle in which to challenge the Department of Corrections's decision to make a defendant's parole revocation sentence consecutive to a prior sentence. The Court held that because the defendant had not challenged the "lawfulness of his sentence," but rather his detention under the parole revocation sentence, the PCRA petition was properly construed as a *habeas corpus* petition. *Id.* at 10, 467 A.2d at 1291. *Isabell* was distinguished in *Gillespie v. Commonwealth, Dept. of Corrections*, 106 Pa.Cmwlth. 500, 527 A.2d 1061 (1987). In that case, the defendant filed a petition for a writ of *habeas corpus* alleging that his sentences had been improperly aggregated by the Board, and that the common pleas court retained jurisdiction over his second sentence. *Id.* at 1062. The Commonwealth Court held that *habeas corpus* relief is not available to challenge the action of the Board. *Id.* at 1063. The Court distinguished *Isabell*, holding that the defendant was not challenging the legality of either of his sentences, or the fact that they were consecutive to each other, as did the defendant in *Isabell*. *Id.* at 1064.

court held a second hearing on Reese's Petition for *habeas corpus* on July 7, 1999, the Board had not recalculated Reese's maximum sentence.

¶ 27 Under these circumstances, we hold that the trial court properly exercised jurisdiction of Reese's Petition for writ of *habeas corpus.* Even though Reese had challenged the Board's calculation of the October 30, 1998 release date as improper, Reese was being held beyond that date when he filed his *habeas corpus* Petition. Thus, the trial court had the authority to hear and rule on Reese's Petition. *See Brown,* 601 A.2d at 1347 (holding that a petition which challenges a continued detention, not on the basis of an administrative calculation, is in the nature of *habeas corpus* ).

¶ 28 In *Richart,* on October 27, 1997, the Board recommitted Richart as a parole violator, and recalculated his maximum release date to February 21, 2000. Richart did not appeal the Board's determination. Later, on June 25, 1999, Richart attempted to appeal the Board's recalculation of his maximum release date, but the Board dismissed his request on the basis that his request was untimely, as the maximum release date had been recalculated on October 27, 1997. On October 28, 1999, Richart filed the present Petition for writ of *habeas corpus,* challenging the Board's recomputation of his maximum sentence to February 21, 2000.

¶ 29 Under these circumstances, it appears that Richart was using his Petition for *habeas corpus* relief to challenge the Board's recalculation of his maximum release date. This is not a proper use of the writ of *habeas corpus. See Wilson,* 480 A.2d at 393 (holding that the correction of a Board action is not a proper use of the writ). At the time he filed his Petition for a writ for *habeas corpus,* Richart's maximum sentence, as calculated by the Board, had not expired. Thus, the

trial court did not have jurisdiction to hear Richart's Petition.

¶ 30 Because we conclude that the trial court had jurisdiction to hear Reese's Petition, we will address DOC's second contention in the *Reese* appeal. DOC contends that the trial court erred in holding that Reese was entitled to credit for time spent on parole when Reese committed a new crime while on parole. When we review a trial court's decision to grant or deny a petition for writ of *habeas corpus,* we will reverse only for a manifest abuse of discretion. *Commonwealth v. Lundberg,* 422 Pa.Super. 495, 619 A.2d 1066 (1993).

¶ 31 DOC argues that a prisoner is not entitled to credit for time spent on parole after he commits a new crime during that time. DOC alleges that it is for the Board to determine what credit should be applied when a sentence is imposed for a crime committed during the period of a defendant's parole. DOC argues that Reese was released on parole on June 16, 1997, prior to his maximum release date of October 30, 1998. On September 28, 1998, Reese was arrested on new charges. The Board then issued a warrant to detain Reese in prison. Reese was convicted on the new charges on June 17, 1999, and was sentenced on that date to a prison term of ten to twenty months with credit for time served. DOC contends that the trial court should not have given Reese any credit on his original, ten-year robbery sentence, for the time he was on parole beginning June 16, 1997, because Reese committed a new crime while he was on parole.

¶ 32 Reese contends, in response to this argument, that his maximum prison term expired on May 17, 1997, and, therefore, the Board did not have jurisdiction over him on September 28, 1998, the date the new crime was committed.

¶ 33 There is no merit to Reese's contention. By arguing that his prison

term expired on May 17, 1997, Reese is asserting that the Board erred on February 10, 1992, when it recalculated Reese's maximum release date to July 30, 1997. Reese cannot make such an assertion at this time. He was required to file a timely appeal of the Board's determination within thirty days of that decision. *See* 37 Pa. Code § 73.1(b)(1); *Cadogan,* 541 A.2d at 833.

 ¶ 34 "When a parolee is recommitted as a convicted parole violator, he is required to serve the remainder of his unexpired [prison] term, and 'shall be given no credit for the time at liberty on parole.'" *Cox v. Commonwealth, Pa. Bd. of Probation and Parole,* 78 Pa.Cmwlth. 183, 467 A.2d 90, 91 (1983), *rev'd on other grounds,* 507 Pa. 614, 493 A.2d 680 (1985); *accord Young v. Commonwealth, Pa. Bd. of Probation and Parole,* 487 Pa. 428, 409 A.2d 843 (1979).

¶ 35 In the present case, the trial court determined, based on evidence submitted at the hearings on Reese's Petition for *habeas corpus* relief, that Reese's maximum sentence expired on October 30, 1998, and that insufficient evidence was submitted to establish that the October 30, 1998 date was incorrect or that it should not apply. *See* Trial Court Opinion, 10/14/99, at 2. Therefore, the trial court ordered that Reese be released forthwith. *Id.* at 3.

 ¶ 36 The evidence established that Reese was released on parole on June 16, 1997, and that he was returned to prison on October 9, 1998 because of a parole violation. N.T., 7/7/99, at 19, 24. Reese conceded that he committed new crimes on September 28, 1998. *See* Brief for Appellee (Reese) at 11; N.T., 7/7/99, at 12. Reese subsequently was convicted of the new charges. The Board, in the interim, had issued warrants of detainer to keep Reese in prison, and indicated that his

maximum sentence was being recalculated. Under this scenario, it is clear that Reese would not be entitled to credit for time spent on parole after June 16, 1997, and that his maximum sentence date of October 30, 1998 would be extended. *See Young,* 487 Pa. at 433–34, 409 A.2d at 846–47; *Cox,* 467 A.2d at 91. Accordingly, we conclude that the trial court abused its discretion in granting Reese's Petition for *habeas corpus* and releasing him from prison. Therefore, we must reverse the trial court's Order granting Reese's Petition for a writ of *habeas corpus.* Because of our holding in this regard, we need not consider DOC's third contention on appeal.

¶ 37 In addition, we need not consider SCI's second contention in the appeal in *Richart,* as we have concluded that the trial court did not have jurisdiction to hear Richart's Petition.

¶ 38 Orders of July 7, 1999 (*Reese*) and December 15, 1999 (*Richart*) reversed in accordance with this opinion.