J-S08003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAJ KAREE EDGE | |
| Appellant | No. 163 WDA 2016 |

Appeal from the PCRA Order dated January 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013435-1998
CP-02-CR-0013774-1998

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                **FILED MARCH 24, 2017**

*Pro se* Appellant Raj Karee Edge appeals from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

> On May 10, 2001, following a jury trial, [A]ppellant was found guilty of first degree murder, criminal conspiracy, and firearms not to be carried without a license,[1] in connection with a shooting death in Pittsburgh on October 4, 1998.  Appellant and his accomplices attacked the victim because he had allegedly burgled the residence of one of [A]ppellant's accomplices.  Upon learning that the victim may have been the burglar, [A]ppellant and his accomplices armed themselves with guns and went searching for the victim.  After spotting the victim walking along a public street, [A]ppellant and his accomplices abandoned their vehicle and hid, lying in wait.  As the victim approached, [A]ppellant and his accomplices sprang

---

[1] 18 Pa.C.S. §§ 2502(a), 903(a), and 6106(a), respectively.

from their hiding places and proceeded to repeatedly fire their guns at the victim. The victim was shot seven times and was dead when police arrived at the scene a short time later.

Judgment of sentence was imposed on September 5, 2001, with [A]ppellant receiving an aggregate term of life plus 13½ to 27 years' imprisonment. On February 4, 2004, this [C]ourt affirmed the judgment of sentence; and on February 18, 2005, our supreme court denied appeal. *Commonwealth v. Edge*, 849 A.2d 603 (Pa.Super.2004) (unpublished memorandum), *appeal denied*, *Commonwealth v. Edge*, 582 Pa. 670, 868 A.2d 1197 (2005). On January 31, 2006, [A]ppellant timely filed his first collateral petition. Counsel was appointed and an amended petition was filed. Following a December 4, 2006 hearing, the court below denied the petition on the merits on December 7, 2006.

*Commonwealth v. Edge*, No. 2376 WDA 2006, at 1-2 (Pa. Super., Oct. 24, 2007) (unpublished mem.). Appellant appealed the denial of his first PCRA petition to this Court, which we affirmed on October 24, 2007. *See id.* Appellant then petitioned the Pennsylvania Supreme Court for allowance of an appeal, which denied the petition on June 24, 2008.

Appellant thereafter filed a federal *habeas corpus* petition attacking his convictions, which was denied by the Western District of Pennsylvania on November 12, 2009. *Edge v. Lawler*, No. 08-1009, 2009 WL 3806278 (W.D. Pa., Nov. 12, 2009) (mem. op.). Next, Appellant filed a second PCRA petition, which was denied on April 29, 2015. Appellant did not appeal the denial of this second PCRA petition.

On August 7, 2015, Appellant filed a Petition for Writ of *Habeas Corpus Ad Subjiciendum*, which the PCRA court regarded as another PCRA petition.

On October 6, 2015, the PCRA court entered a notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. On October 20, 2015, Appellant filed an objection to the Notice. On January 19, 2016, the PCRA court dismissed the PCRA petition as time-barred.

On January 23, 2016, Appellant filed a timely notice of appeal to this Court. In that *pro se* appeal, Appellant raises the following issues, as stated in his brief:

> I.      Did the Common Pleas Court err[] in construing or dismissing [Appellant]'s Writ of Habeas Corpus Ad Subjiciendum as a Post Conviction Relief Act petition?
>
> II.     Did the Commonwealth create a procedural due process of law violation by lodging the criminal charge of 18 Pa. C.S.A. § 2501 Criminal Homicide?
>
> III.    Did the Court have statutory authorization to instruct the Jury on First Degree Murder where [Appellant]'s trial was not deemed a capital case?
>
> IV.     Did the Court have statutory authorization to impose a sentence of life imprisonment sua sponte?

Appellant's Brief at 8.

We initially address whether the PCRA court erred in considering Appellant's writ of *habeas corpus ad subjiciendum* to be a PCRA petition. Appellant's Brief at 11-12. We have explained our standard and scope of review as follows:

> Ordinarily, an appellate court will review a grant or denial of a petition for writ of habeas corpus for abuse of discretion, *see*, *e.g.*, **Commonwealth v. Reese**, 774 A.2d 1255, 1261 (Pa.Super.2001), but for questions of law, our standard of review is de

- 3 -

> > novo, and our scope of review is plenary. ***See Buffalo Township v. Jones***, 571 Pa. 637, 644 n. 4, 813 A.2d 659, 664 n. 4 (2002).
>
> > ***Commonwealth v. Judge***, 591 Pa. 126, 916 A.2d 511, 521 (2007).
>
> ***Commonwealth v. Stafford***, 29 A.3d 800, 802 (Pa. Super. 2011).

The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa. C.S. § 9542. We have stated:

> The PCRA sets forth its scope as follows:
>
> > This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings **or to provide relief from collateral consequences of a criminal conviction.**
>
> 42 Pa.Cons.Stat.Ann. § 9542 (emphasis supplied). In construing this language, Pennsylvania Courts have repeatedly held that the PCRA contemplates . . . challenges to the propriety of a conviction or a sentence.

***Commonwealth v. Masker***, 34 A.3d 841, 843 (Pa. Super. 2011) (*en banc*) (emphasis in original), ***appeal denied***, 47 A.3d 846 (Pa. 2012); ***see also Commonwealth v. Lantzy***, 736 A.2d 564, 569 (Pa. 1999) (the PCRA is intended to "provide the sole means for obtaining collateral review and relief, encompassing all other common law rights and remedies, including *habeas corpus*"). In the current action, all of Appellant's claims in his

petition challenge the propriety of his conviction and sentence. Therefore, the PCRA court correctly considered Appellant's petition as a PCRA petition, and not a writ of *habeas corpus ad subjiciendum*. **See Masker**, 34 A.3d at 843.

Before addressing Appellant's remaining issues, we next examine whether Appellant's PCRA petition was time-barred, **see** PCRA Ct. Op., 8/9/16, at 2, since the timeliness requirements in the PCRA are jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*), **appeal denied**, 839 A.2d 352 (Pa. 2003).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." **Id.** § 9545(b)(3).

Here, Appellant's judgment of sentence became final on May 19, 2005, upon the expiration of the time for filing an application for review on certiorari to the United States Supreme Court. **See** 42 Pa.C.S. §

- 5 -

9545(b)(3); ***see also*** U.S. Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review"). Thus, Appellant had one year from that date, or until May 19, 2006, to file a timely PCRA petition. ***See*** 42 Pa.C.S. § 9545(b). Appellant did not file the instant petition until August 7, 2015, more than nine years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Appellant's petition unless Appellant pleaded and proved one of the three statutory exceptions to the PCRA's time bar. ***See id.*** § 9545(b)(1).[2]

_____

[2] Those exceptions are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*(Footnote Continued Next Page)*

Appellant does not plead and prove any of these statutory exceptions. Appellant's only references to timeliness are: "Where an information charges no crime, the court lacks jurisdiction to try the accused, and a motion to quash the information or charge is always timely"; and "the issue of subject matter jurisdiction can be raised at any time during the case even after a plea has been entered." Appellant's Brief at 12. Appellant does not explain how these bald statements apply to his case. Neither of these concepts fall within one of the three statutory exceptions to the PCRA's time bar, as they do not demonstrate government interference, allege new facts or evidence, or assertion of a newly recognized constitutional right. *See* 42 Pa.C.S. § 9545(b)(1). Appellant himself specifically admits:

> [A]ppellant avers that he is not alleging that the truth-determining process underlying his conviction and sentence was undermined by constitutional violations or ineffective assistance of counsel. Nor alleging governmental interference with his right to appeal . . . Additionally he is not alleging after-discovered exculpatory evidence. Therefore none of the bases for relief under the PCRA address the unique situation presented in this case.

Appellant's Brief at 11. Thus, we agree with the PCRA court that Appellant failed to plead and prove any exceptions to the PCRA's jurisdictional time-bar. Therefore, neither the trial court nor this Court have jurisdiction to consider Appellant's remaining issues.

*(Footnote Continued)* ─────────────

42 Pa.C.S. § 9545(b)(1). A petition invoking one of the exceptions must be filed within sixty days of the date the claim could have been presented. *Id.* § 9545(b)(2).

- 7 -

Having discerned no abuse of discretion or error of law, we affirm the order below.  **See Wilson**, 824 A.2d at 333.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2017