J-S40044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | No. 3448 EDA 2016 |
| ANTHONY JEROME RYANS | : | |
| | : | |
| Appellant | | |

Appeal from the Order October 12, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0004832-2010

BEFORE:   OTT, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                          **FILED JULY 06, 2017**

Anthony Jerome Ryans appeals *pro se* from the order entered October 12, 2016, in the Court of Common Pleas of Lehigh County, that denied Ryan's "Notice of Place of Imprisonment and Request for Dismissal/Final Disposition of Parole Detainer Pursuant to 61 Pa.C.S.A. § 6138[a](5.1)." Ryans contends the trial court erred in denying this request to be returned to state custody.  **See** Ryans' Brief at 2–4.  Based upon the following, we affirm.

The trial court set forth the background of this case, as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

On February 22, 2011, [Ryans] entered a plea of guilty to Possession with Intent to Deliver (heroin) and Conspiracy to Commit Possession with Intent to Deliver (heroin). Thereafter, on April 7, 2011, this Court sentenced [Ryans] to an aggregate term of imprisonment of not less than two (2) years nor more than six (6) years in a state correctional institution. [Ryans] was granted a RRRI minimum of eighteen (18) months. [Ryans was paroled on January 21, 2014.[1]] Thereafter, [in 2016, Ryans] filed a Notice of Place of Imprisonment and Request for Dismissal/Final Disposition of Parole Detainer Pursuant to 61 Pa.C.S.A. § 6138[a](5.1), which this Court denied on October 12, 2016. The within appeal followed on or about October 27, 2016.

This Court notes that [Ryans] entered a guilty plea in the United States District Court for the Middle District of Pennsylvania on a new set of charges. Thereafter, on January 20, 2016, [Ryans] was sentenced to a term of thirty (30) months' imprisonment. Consequently, on or about February 8, 2016, [Ryans] was transferred to a federal correctional facility to serve his sentence. In his Notice of Place of Imprisonment and Request for Dismissal/Final Disposition of Parole Detainer Pursuant to 61 Pa. C.S.A. § 6138[a](5.1), [Ryans] requested that this Court order that he be returned to state custody to serve the balance of his state sentence prior to serving his federal sentence.

Trial Court Opinion, 11/3/2016, at 1–2.

The trial court denied Ryans relief, concluding:

This Court lacks jurisdiction on issues of parole and probation after [Ryans] is sentenced. Indeed, [Ryans'] request falls under the sole province of the Pennsylvania [Board] of Probation and Parole, which, in its discretion, has repeatedly refused to lift the detainer placed on [Ryans] for his return to a state correctional facility upon his completion of his federal sentence. Accordingly, we believe that [Ryans'] within appeal should be quashed, as this Court lacked jurisdiction to rule on [Ryans'] requested relief.

_____

[1] *See* Order, 8/17/2016, at n.1 (incorporating attachment of Lehigh County Clerk of Courts-Criminal Division calculation of Ryans' credit time).

*Id.* at 2.  This appeal followed.

Section 6138(a)(5.1) of the Prisons and Parole Code provides:

If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term.

61 Pa.C.S. § 6138(a)(5.1).

Ryans, in his brief, argues that "all of [his] original state sentence should be served before service of the new federal sentence commences [and] the [Pennsylvania Board of Probation and Parole]'s detainer [should] be removed."  Ryans' Brief at 4.  He maintains "this Court should see the importan[ce] of why Petitioner needs said detainer be removed and grant his request."  *Id.*

Like the trial court, we will not address the merits of Ryans' request for relief because we conclude that the trial court rejected Ryans' petition for want of jurisdiction.

Here, because Ryans' maximum sentence is in excess of two years' incarceration, the Pennsylvania Board of Probation and Parole ("Board") has exclusive authority to revoke Ryans' parole for a parole violation, to recommit him for that violation, and to extend his maximum sentence as a convicted parole violator. *See Commonwealth, Dep't of Corr. v. Reese*, 774 A.2d 1255, 1259 (Pa. Super. 2001).  Further, the Boards' computations or calculations of parole maximum dates are administrative parole orders, and appellate review of such orders is within the exclusive jurisdiction of the

Commonwealth Court. *See* 42 Pa.C.S. § 763(a)(1); ***Reese, supra,*** 774 A.2d at 1260. ***See also Pittman v. Pa. Bd. of Prob. & Parole***, ___ A.3d ___, ___ n.7 [2017 Pa. LEXIS 940] (Pa. April 26, 2017).

Consequently, the determination regarding the order in which Ryans' new term and backtime is to be served falls under the authority of the Board, not the trial court and, therefore, the trial court properly denied Ryans' request for return to state custody.[2, 3]

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2017

_____

[2] We note the assertion of the Commonwealth that Ryans' request for return to state custody was premature as he had not been sentenced on his parole revocation, and was only serving the federal sentence, when he sought this relief in the trial court. *See* Commonwealth's Brief, at 6–7.

[3] Ryans filed a supplemental brief without leave of court. *See* Pa.R.A.P. 2113(c). Even if we considered this supplemental brief, our disposition would not change.