J-S03002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LATEEF KHADEEN WATTS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SUPERINTENDENT THOMAS MCGINLEY, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, | |
| Appellees | No. 2845 EDA 2017 |

Appeal from the Order Entered July 31, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008178-2005

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:            **FILED MARCH 26, 2018**

Lateef Khadeen Watts (Appellant) appeals *pro se* from the order entered on July 31, 2017, that dismissed his petition for writ of *habeas corpus* on the basis that Appellant's maximum sentence had not yet expired and, therefore, the claims Appellant asserted did not fall within the trial court's jurisdiction, citing **Commonwealth, Department of Correction v. Reese**, 774 A.2d 1255 (Pa. Super. 2001).  After review, we affirm.

As stated verbatim in his brief, Appellant raises the following issues in this appeal:

[A.]  Did the Common Pleas Court err in dismissing Appellant's habeas Corpus Petition under the auspice that his original

_____

[*] Former Justice specially assigned to the Superior Court.

judgment of sentence was NOT completed, thus, misapplying the facts for which was presented, and dismissing his habeas Petition erroneously?

[B.] Did the court of Common Pleas err in dismissing Appellant Habeas Corpus Petition where he suffers a unconstitutional detention against a judicially imposed order issued by Delaware Count court of Common Pleas whereas Pennsylvania Board of Probation and Parole unconstitutionally altered his original maximum sentence without constitutional, statutory, and judicial authority, thus violating Appellant's 14th, 4th, 5th, 8th, and 5th Amendment rights y a continued forced incarceration?

[C.] Whether the Court of Common Pleas err'd in dismissing Appellant's Habeas Corpus Petition when his rights to the Due Process Clause "Liberty Interest" continues to be violated by Governmental State Agency, pursuant to both State and Federal Constitutional mandates?

Appellant's brief at 4.

Despite Appellant's statement of the issues that he attempts to raise in this appeal, the essence of his arguments centers on his allegation that the Pennsylvania Board of Probation and Parole (PBPP) erred in recalculating his maximum release date, which this Court stated in **Reese** is not a proper use of a writ of *habeas corpus*. **See Reese**, 774 A.2d at 1261. Moreover, under the circumstances here, Appellant's challenge should proceed through the PBPP's administrative process with any appeal directed to the Commonwealth Court. **See id.** at 1260.

We have reviewed the certified record, Appellant's brief,[1] the applicable law, and the opinion authored by the Honorable James P. Bradley

---

[1] The Commonwealth/PBPP has not submitted a brief in connection with this appeal.

of the Court of Common Pleas of Delaware County, dated September 20, 2017.  We conclude that Judge Bradley's opinion accurately disposes of the arguments raised by Appellant on appeal and we discern no abuse of discretion or error of law.  Accordingly, we adopt Judge Bradley's opinion as our own and affirm the July 31, 2017 order on that basis.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/18