J-S34004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD PHILLIPS | : | |
| | : | |
| Appellant | : | No. 1476 WDA 2022 |

Appeal from the Order Entered November 28, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000943-2016

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                **FILED: NOVEMBER 7, 2023**

Edward Phillips appeals *pro se* from the order, entered in the Court of Common Pleas of Allegheny County, dismissing, as moot, his petition for writ of *habeas corpus*.  After careful review, we affirm.

In March 2016, Phillips was charged with several firearm and drug offenses stemming from an incident that occurred on December 11, 2015, in the Northview Heights neighborhood of Pittsburgh.  Police received a report that a security guard had seen camera footage of a male with a gun walking into an apartment complex.  When the officers arrived on the scene, they witnessed Phillips run into the apartment's courtyard while clutching his waistband.  Officers detained Phillips, who admitted that he possessed a gun.  The officers searched Phillips and recovered a loaded .45 caliber Glock pistol, a baggie of cocaine base, 9 oxycodone pills in an open pill bottle, 17 alprazolam pills, a small bag of marijuana, and 26 stamp bags containing

heroin on Phillips' person. Police database records revealed that Phillips was considered a person not to possess a firearm, having pled guilty to robbery, and was also unlicensed to carry a firearm. At the time, there was also an outstanding warrant for Phillips for violating his probation on his prior robbery sentence.

On January 11, 2017, Phillips pled guilty to multiple firearm and drug offenses in the instant case. On January 11, 2018, the court sentenced Phillips to 2½ to 5 years' imprisonment, with 762 days of credit for time served from December 12, 2015 to January 11, 2018. On June 7, 2019, Phillips filed a *pro se* notice of appeal from his judgment of sentence. Our Court quashed Phillips' appeal as untimely. *See Commonwealth v. Phillips*, 881 WDA 2019 (Pa. Super. filed Nov. 12, 2019) (unpublished memorandum decision); *see also* Pa.R.A.P. 903. On May 11, 2020, the Pennsylvania Supreme Court denied Phillips' petition of allowance of appeal and request for emergency bail review. *Commonwealth v. Phillips*, 881 EDA 2019 (Pa. filed May 11, 2020) (unpublished memorandum decision).

On July 25, 2022, Phillips filed a "Petition to Release Pursuant to 42 Pa.C.S.[A.] § 9776(a), (b)," with the trial court, claiming that he had been sentenced on January 11, 2018, that his maximum sentence date was April 6, 2022, that he had been paroled on April 16, 2021, and that "he had been declared delinquent on [] 01-28-22 [due to failure to comply with the terms of his parole]." Petition to Release, 7/25/22, at 2. Phillips also averred that he owed 68 days on his sentence until it was complete. *Id.* However, Phillips

also acknowledged in his petition that he had been arrested for simple assault on June 18, 2022, and that on July 12, 2022, he pled guilty to one count of harassment in exchange for nolle prossing that charge.[1] *Id.* Additionally, Phillips asserted that because harassment is a summary offense, it technically is not a "conviction" for purposes of recommitment following a parole violation. Finally, he sought vacatur of his sentence "as completed or release[] of [his] parole detainer." *Id.* at 3.

On August 30, 2022, Phillips filed a "Writ of *Habeas Corpus Ad Subjuciendum* Pursuant to 42 Pa.C.S.[A.] §[§] 6503(a); 6502(a)" in the trial court, averring that his minimum-maximum dates of release were April 6, 2019, and April 7, 2022, respectively. Citing section 21.1 of the Parole Act,[2] Phillips challenged the legality of his detention after the maximum date of his

_____

[1] A document titled "Notice of Charges and Hearing," from the Pennsylvania Parole Board, is appended to Phillips' appellate brief as "Exhibit B." The document shows that Phillips was arrested on June 17, 2022, and convicted of harassment on July 13, 2022. The document also charges him with the following technical parole violations: changing his residence without permission and failing to report to his parole supervision staff as instructed. *See* Appellant's Brief, Exhibit B. Details of the violations state that Phillips notified parole supervision staff that he would no longer be reporting for supervision, that he was "leaving town," that he cut the strap of his GPS monitoring unit and he failed to contact staff after that date. *Id.* The document also indicates that a hearing was scheduled for 9:00 a.m. on August 16, 2022, at the Allegheny County Jail.

[2] Notably, 61 P.S. § 331.21a, otherwise known as the "Pennsylvania Board of Probation and Parole Law," was repealed by Section 11 of Act 2009-33, on August 11, 2009, effective in 60 days. Accordingly, this statute was not in effect at the time of Phillips' sentencing.

confinement expired and before any administrative decision had been made by the Board of Probation and Parole.[3]  Specifically, Philips averred that:  he has been in custody at Allegheny County Jail since June 17, 2022; he posted bond on June 18, 2022; he pled guilty to harassment on July 12, 2022; he was served "PBPP forms by unknown agents who[se] duty is to get [Phillips] to sign and waive his rights;" and that he was scheduled to have a parole violation and revocation hearing on August 16, 2022, but that hearing was cancelled "due to [his] not being recommitted to a State Correctional Institution."  Writ of *Habeas Corpus Ad Subjuciendum*, 8/30/22, at 5.  Phillips claims that once his maximum release date is recalculated, his new date would have been August 29, 2022—73 days from the date bail was posted on the Board's detainer.  *Id.*  However, because he will have to wait 120 days to have his revocation hearing after he arrives at the state facility, "the Board will hold [him] past [the maximum release] date of:  08/29/22." *Id.*

---

[3] On October 13, 2022, Phillips also filed the same writ with this Court.  On October 17, 2022, our Court directed Phillips to show cause as to why the writ should not be transferred to the Commonwealth Court, "as Petitioner appears to be challenging the revocation of his parole by the Pennsylvania Board of Probation and Parole."  Order, 10/13/22; *see* 42 Pa.C.S. § 761 (original jurisdiction of Commonwealth Court).  On November 10, 2022, our Court transferred the writ and all filings to the Court of Common Pleas of Allegheny County for disposition.  Order, 11/10/22.  In that order, our Court also noted that the judge who had presided over Phillips' criminal case had since retired.  Thus, we directed the prothonotary to forward a copy of the order to the president judge, the court's administrator, the Commonwealth, the Pennsylvania Department of Corrections, and Phillips.  *Id.*

On November 28, 2022, the trial court dismissed Phillips' writ as moot, where "[r]ecords indicate [Phillips] was released from jail on September 8, 2022." Order, 11/28/22.[4] Phillips filed a timely *pro se* notice of appeal and *pro se* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[5]

Phillips presents the following issues for our review:

(1) The trial court misapplied the law by dismissing [Phillips'] *habeas corpus* [petition] as moot when [the] record shows [that] he was never released on 09-08-22, and [that he was] prejudiced by not inquiring into the cause of his continued detention beyond [the] previous maximum date [of] 04-07-2022[,] and before any administrative decision form the Board, but past [the] supposed maximum date [of] 08-29-2022.

(2) The trial court erred by not issuing an order granting Phillips' writ of *habeas corpus*, immediately releasing him from being

---

[4] Attached to Phillips' appellate brief is a December 5, 2022 "Notice of Board Decision" from the Pennsylvania Parole Board (Board). The notice advises Phillips that the Board determined that he has technically violated his parole, recommits him to serve 9 months of back time, concludes that he is ineligible for re-parole until March 18, 2023, and fails to award him credit for his time spent on parole for the following reasons:

- Offender absconded while on parole supervision
- Offender has history of supervision failures in probation and/or parole
- Offender's behavior reflects domestic violence issue[.]

Commonwealth of Pennsylvania Parole Board Decision, 12/16/22, at 2.

[5] On April 17, 2023, the trial court granted Phillips the right to proceed *pro se* following a [***Commonwealth v.***] ***Grazier***[, 713 A.2d 81 (Pa. 1998),] hearing and requisite colloquy. ***See*** Order, 4/17/23, at 1. In that same order, the trial court permitted counsel, Timothy Ulrich, Esquire, to withdraw. ***Id.***

unlawfully and illegally detained in violation of his due process rights, Equal Protection Clause, subjecting him to cruel and unusual punishment [which constitutes] 8th and 14th Amendment violations[.]

Appellant's *Pro Se* Brief, at v.

"We review a trial court's order denying a petition for writ of *habeas corpus* for an abuse of discretion." ***Rivera v. Pennsylvania Dep't. of Corr.***, [] 837 A.2d 525, 528 (Pa. Super. 2003). In Pennsylvania, the availability of *habeas corpus* is prescribed and limited by statute. The statutory remedy of *habeas corpus* empowers any judge of a court of record to issue a writ "to inquire into the cause of detention." 42 Pa.C.S.A. § 6502. Finally, *habeas corpus* relief is available "only when no other remedy is available for the condition the petitioner alleges or available remedies are exhausted or ineffectual." ***Commonwealth ex rel. Fortune v. Dragovich***, 792 A.2d 1257, 1259 (Pa. Super. 2002) (citation omitted).

In its Pa.R.A.P. 1925(a) opinion, the trial court explained its rationale for dismissing Phillips' writ as follows:

On or about August 29, 2022, [Phillips] sought relief, which appeared to be a request for calculation and credit of time . . . with respect to his state sentence. Thereafter, [at] that point [Phillips] was transferred back to the state correctional institution based upon his parole being revoked. At that point, this court lacked jurisdiction on issues of parole and probation with respect to [Phillips'] sentence. His requests were under the sole province of the [Board]. Because [Phillips'] maximum sentence was in excess of two years' incarceration, the [Board] has exclusive authority to revoke [Phillips'] parole for a parole violation, to recommit him for that violation, and to extend his maximum sentence as a parole violator. ***Commonwealth Dep't of Corr. v. Reese***, [] 774 A.2d 1255, 1259 (Pa. Super 2001). Additionally, the Board[']s computations or calculations of parole maximum

dates are administrative parole orders, and appellate review of such orders is within the exclusive jurisdiction of the Commonwealth Court. [*See*] 42 Pa.C.S. § 763(a)(1); *Reese*, *supra*[,] at 1260. *See also Pittman v. Pa. Bd. Of Prob. & Parole*, 159 A.3d 466 [] (Pa. 2017).

Trial Court Opinion, 4/27/23, at 2.

Phillips argues in his brief that he "should have only been compelled to serve the [73] days that remained unserved on [his] original maximum sentence [of April 7, 2022,] and [that he] should have been released on his supposed maximum date [of] (8/29/22)."[6] Appellant's Brief, at 3.

Neither the notes of testimony from Phillip's guilty plea hearing nor those from his sentencing hearing have been transcribed for appeal. Critically, we also are not privy to the record from Phillips' 2022 parole violation, other than the non-certified exhibits attached to Phillips' appellate brief. However, the thrust of Phillips' argument on appeal is that the Board was not authorized to recommit him because his summary offense of harassment was adjudicated in a non-record court, and, thus, is not considered a "conviction" for purposes of 61 Pa.C.S.A. §§ 331.21(a)(1), 6138(a). *Id.* at 5-6.

> Pursuant to Pennsylvania law, the maximum term represents the sentence imposed for a criminal offense, with the minimum term merely setting the date after which a prisoner may be paroled. When the minimum prison term expires, an inmate becomes eligible for parole and makes application to the Board of Probation and Parole, requesting a grant of parole. **If parole is granted**, or a term of probation has been imposed, **the individual is removed from the jurisdiction of the Department of**

---

[6] Phillips arrives at this new maximum release date by adding 73 days to his arrest and charging date of June 17, 2022.

**Corrections and placed under the jurisdiction of the Board. If the individual violates parole or probation, the Board conducts hearings and may revoke probation and parole based upon any violations that transpired.**

*Martin v. Pa. Bd. Of Prob. & Parole*, 840 A.3d 299, 303-02 (Pa. 2003) (emphasis added).

We conclude that Phillips' claim is nothing more than a veiled attempt to challenge the Board's determination with regard to issuing back time for his parole violation. *See* 61 P.S. § 331.21a (Board may extend expiration of offender's maximum sentence upon recommitment as convicted parole violator). Under such circumstances, the Commonwealth Court has jurisdiction over these matters. *Evans v. Pa. Dept. of Corrections*, 713 A.2d 741, 743 (Pa. Cmwlth. 1998) (holding appeal from Board decision extending defendant's maximum release date was within Commonwealth Court's appellate jurisdiction). Thus, the trial court did not abuse its discretion when it denied Phillips' writ for want of jurisdiction.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/7/2023