# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Sharp,                  :
           Appellant    :
                  :
       v.             :   No. 351 C.D. 2024
                  :   SUBMITTED: February 4, 2025
Kevin Ransom           :

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                             **FILED: April 3, 2025**

Appellant, Shawn Sharp, appeals *pro se* from an order of the Court of Common Pleas of Luzerne County (1) granting a motion to dismiss filed by Appellee, Kevin Ransom, Superintendent of the State Correctional Institution at Dallas; and (2) dismissing Sharp's *pro se* petition for writ of habeas corpus (petition) styled as a class action. We affirm in part and reverse and remand in part.[1]

The pertinent background of this matter is as follows. In August 2023, Sharp filed his *pro se* petition in the trial court purportedly on behalf of himself and a class comprising members of his faith group, Ahlus Sunnah Wal Jama'ah (Sunni Muslims), similarly committed to confinement under the supervision of the Department of Corrections. In the petition, Sharp avers that the Department fails to provide religious accommodations to Sunni Muslims similar to those provided to members of other faith groups thereby resulting in the denial of equal protection under the law and the violation of the establishment and/or free exercise clauses of

---

[1] In April 2024, the Superior Court transferred this action to Commonwealth Court, stating that this Court has exclusive jurisdiction over such appeals pursuant to Section 762(a)(1)(i) and (ii) of the Judicial Code, 42 Pa.C.S. § 762(a)(1)(i) and (ii).

the United States and Pennsylvania Constitutions.[2]  He avers that he is unable to participate in religious services for his faith, has been denied a request to have a Halal religious diet, and is unable to celebrate his religious holidays on the dates of their occurrence.  Although captioned as a request for "habeas corpus," the relief sought is declaratory and other affirmative equitable relief as well as damages.

In September 2023, Ransom filed a motion to dismiss the petition without a hearing asserting that Sharp (1) failed to state a claim regarding the legality of his confinement, instead challenging his ability to freely practice his religion; (2) failed to allege that he is being subjected to cruel and unusual punishment; and (3) failed to satisfy the requirements related to class actions.  Further, Ransom asserted that habeas corpus is unavailable because the writ may issue only when no other remedy is available for the condition alleged or when available remedies are exhausted or ineffectual.

In November 2023, the trial court granted Ransom's motion and dismissed Sharp's petition.  In addition, the trial court determined that Sharp failed to satisfy the requirements for a class action.  Sharp's appeal followed.[3]

As noted, Sharp filed a *pro se* civil action which he styled as a petition for writ of habeas corpus.  He also sought to maintain his claim as a class action.

---

[2] U.S. Const. amends. I and XIV; PA Const., art. I, § 13.

[3] In the appeal before this Court, Sharp filed a "Motion for Preliminary Injunction, Restraining Order and Request for Immediate Hearing" (Motion for Preliminary Injunction) and "Plaintiff's Petition to Amend New Matters and Join Additional Defendants" (Petition to Amend).  In response, Ransom filed "Appellee's Motion to Quash Appellant's Motion for Preliminary Injunction and Petition to Amend New Matters and Join Additional Defendants Pursuant to Pa.R.A.P. 1972" (Motion to Quash).  We dismissed Sharp's Motion for Preliminary Injunction and Petition to Amend as unauthorized because the matter before us is limited to his appeal of the trial court's dismissal of his petition for failure to state a claim.  We granted Ransom's Motion to Quash.  In January 2025, Sharp appealed that order to the Pennsylvania Supreme Court.  In March 2025, the Supreme Court entered an administrative closure of that appeal.

2

"The writ of habeas corpus has been called the 'great writ.' It is an ancient writ, inherited from the English common law, and lies to secure the immediate release of one who is detained unlawfully." *Commonwealth v. Morman*, 541 A.2d 356, 358 (Pa. Super. 1988). Traditionally, the writ was used to test the restraint of liberty. The writ has been held to be the essential remedy to safeguard a citizen against imprisonment by a state or nation in violation of his constitutional rights. The essence of the common law writ of habeas corpus is an attack by a person in custody on the legality of that custody such that the traditional function of the writ is to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *See also Commonwealth ex rel. Bryant v. Hendrick*, 280 A.2d 110, 112 (Pa. 1971) (petition for review testing the legality of commitment and detention sounds in habeas corpus); *Warren v. Dep't of Corr.*, 616 A.2d 140, 142 (Pa. Cmwlth. 1992) ("An application for a writ of habeas corpus requests the applicant's release from prison.").

In Pennsylvania, the availability of habeas corpus is prescribed and limited by statute. Sections 6502 and 6503 of the Judicial Code, 42 Pa.C.S. §§ 6502 and 6503. Section 6502(a) provides: "Any judge of a court of record may issue the writ of habeas corpus to inquire into the cause of detention of any person or for any other lawful purpose." 42 Pa.C.S. § 6502(a). Section 6503 states as follows:

> **(a) General rule**.--Except as provided in subsection (b), an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever.
>
> **(b) Exception**.--Where a person is restrained by virtue of a sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy

may be had by post-conviction hearing proceedings authorized by law.

42 Pa.C.S. § 6503.

Notably, "[t]he writ of habeas corpus is an extraordinary remedy that is available after other remedies have been exhausted or are ineffectual or nonexistent." *Commonwealth v. Reese*, 774 A.2d 1255, 1260 (Pa. Super. 2001) (citation omitted). Nonetheless, habeas corpus relief is available to correct an unconstitutional condition of confinement constituting cruel and unusual punishment under the Eighth Amendment to the United States Constitution[4] even though the detention itself is legal. *Id.* However, the remedy applies only when the conditions are extremely cruel and callous. *Id.* To maintain a habeas claim under the Eighth Amendment based on prison conditions,

> an inmate "must satisfy both an objective and subjective test." *Allah v. Ricci*, 532 Fed. [App'x] 48 (3d Cir. 2013). Under these requirements, an inmate must demonstrate that the deprivation he alleges is "sufficiently serious" and that the correctional institution has deprived him of "minimal civilized measure of life's necessities." *Id.* at 51. Furthermore, an inmate must also demonstrate that the conditions under which he is confined pose a substantial risk of harm and that the officials who have allegedly deprived the inmate of such necessities did so with a sufficiently culpable state of mind and acted with deliberate indifference to the inmate's health or safety.

*Thomas v. Corbett*, 90 A.3d 789, 797 (Pa. Cmwlth. 2014). The "sufficiently culpable state of mind" requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994). Such inflictions include those that are totally without

---

[4] U.S. Const. amend. VIII.

4

penological justification. *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (citation omitted).

The trial court concluded that Sharp's petition constituted "prison conditions litigation" and because it found that Sharp failed to state a claim for habeas corpus relief, it dismissed his petition pursuant to Section 6602(e) of the Prison Litigation Reform Act (PLRA). Section 6602(e) provides:

> (e) DISMISSAL OF LITIGATION.-- Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
>
> (1) The allegation of indigency is untrue.
>
> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa.C.S. § 6602(e). However, while we agree that Sharp did not state a valid claim for habeas corpus relief, dismissal on this ground was error. "Prison conditions litigation" is defined as follows:

> A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. *The term does not include criminal proceedings or habeas corpus proceedings* challenging the fact or duration of confinement in prison.

5

42 Pa.C.S. § 6601 (emphasis added). Based on the plain words of the statute, a claim cannot be both habeas corpus and prison conditions litigation. Thus, the trial court's treatment of Sharp's complaint as both was erroneous as a matter of law. Accordingly, the trial court erred in employing the standards for habeas corpus in dismissing Sharp's petition for failure to state a claim upon which relief could be granted under the PLRA.

Viewing the substance of Sharp's claims rather than his use of an inaccurate term of art to describe the action, it is clear in which category his action falls. The practice of an inmate's religion while incarcerated constitutes a condition of confinement. Sharp's claims arise under the state and federal constitutions and relate to conditions of his life in prison, i.e. how he may practice his religion. Sharp seeks religious accommodations, not release from prison or a change in his sentence of incarceration. Consequently, the trial court should have employed the standards applicable to prison conditions litigation and a claim for religious accommodations.

As prison conditions litigation, Sharp's petition is neither frivolous nor malicious on its face under Section 6602(e) of the PLRA. He challenged his ability to freely practice his religion and the failure to provide specific desired religious accommodations. The standards that the trial court should have employed require it to examine: (1) "if the inmate's belief is sincere and religious in nature;" (2) "whether there is a rational connection between the prison's refusal to provide the [accommodation] the inmate seeks and a legitimate penological interest;" and (3) "if the refusal is reasonable in light of the nature of the penological interest, the inmate's interest in practicing his religion, the overall effect on the prison community in granting the request, and the availability of ways to accommodate the request at a *de minimis* cost." *Miles v. Beard*, 847 A.2d 161, 166 (Pa. Cmwlth. 2004). Accordingly,

6

for the reasons stated above, we reverse dismissal of Sharp's complaint and remand this matter to the trial court to evaluate his claim under these standards.

Turning next to the trial court's determination that Sharp's petition may not go forward as a class action, we note the well-established jurisprudence that *pro se* prison inmates may not initiate class action lawsuits, primarily due to the fact that an individual without the proper level of legal education and experience is singularly ill-equipped to adequately represent the interests of others in a court of law. *Mobley v. Coleman*, 65 A.3d 1048, 1050 n.1 (Pa. Cmwlth. 2013). Accordingly, we affirm the trial court's determination that Sharp's action may not go forward as a class action.

For the above reasons, therefore, we affirm in part and reverse and remand in part. We affirm the trial court's determination that Sharp's petition may not go forward as a class action. We reverse the trial court's order granting Ransom's motion to dismiss and remand this matter with directions to the trial court to treat the mislabeled petition for habeas corpus as prison conditions litigation under the appropriate standards.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Sharp, :
            Appellant :
 :
 :
       v. : No. 351 C.D. 2024
 :
Kevin Ransom :

**PER CURIAM**                **O R D E R**

AND NOW, this 3rd day of April, 2025, the order of the Court of Common Pleas of Luzerne County is hereby AFFIRMED as to the trial court's determination that Shawn Sharp's petition for writ of habeas corpus may not go forward as a class action. The order is REVERSED as to the grant of Kevin Ransom's motion to dismiss and the dismissal of Sharp's petition for habeas corpus. This matter is REMANDED with directions to the trial court to treat the petition as prison conditions litigation.

Jurisdiction relinquished.