J. S58032/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TYLER CHARLES SMITH, | : | No. 510 WDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 16, 2018,
in the Court of Common Pleas of Crawford County
Criminal Division at No. CP-20-CR-0000450-2013

BEFORE:  OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　**FILED OCTOBER 30, 2018**

Tyler Charles Smith appeals from the order filed in the Court of Common Pleas of Crawford County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Because we agree with the PCRA court that appellant's facially untimely petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA, we affirm.

The factual and procedural history as set forth by the trial court is as follows:

> [Appellant] pleaded guilty to robbery, as a felony of the second degree, on August 15, 2013.[Footnote 2] He was sentenced on October 2, 2013, to imprisonment in a state correctional facility for a minimum term of sixteen months and a maximum term of sixty months, with 174 days of presentence incarceration credit.  He did not file a post-sentence

motion or a direct appeal, and was released on parole on May 18, 2015.

[Footnote 2] 18 Pa.C.S.A. [§] 3701(a)(1)(iv), (b).

[Appellant] was again arrested on December 12, 2016, and on April 3, 2017, pleaded guilty in Erie County to the identical criminal offense. Case No. 25-CR-130-2017. He was sentenced there on May 31, 2017, to imprisonment for a term of two to nine years, with credit for 171 days of presentence incarceration, consecutive to any other sentence he was serving. The Commonwealth of Pennsylvania Board of Probation and Parole (the "Parole Board"), by decision rendered on September 26, 2017, found that [appellant] had violated the conditions of his parole by his Erie County conviction, and recommitted him to serve twenty-four months['] backtime, beginning on the date of his Erie County sentence. Consequently, he is not eligible for reparole until May 31, 2019, and his parole violation maximum date is April 24, 2020.

[Appellant's] PCRA petition was docketed on December 4, 2017, and counsel was appointed to represent him by Order dated December 6, 2017. His counseled amended petition . . . was filed on February 1, 2018.

PCRA court opinion, 2/13/18 at 1-2 (footnotes 3-5 omitted).

By order and opinion filed February 13, 2018, the PCRA court informed appellant of its intent to dismiss the petition without a hearing. Appellant responded and asked the PCRA court to overturn the decision of the Pennsylvania Board of Probation and Parole that extended the maximum date of his original sentence from which he had been paroled. On March 13, 2018, the PCRA court dismissed the PCRA petition as untimely and not

cognizable under the PCRA. On April 10, 2018, appellant filed a notice of appeal. On April 12, 2018, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) that incorporated the February 13, 2018 and March 13, 2018 opinions.

Appellant raises the following issue for this court's review: "Did the [PCRA] court commit error by dismissing appellant's PCRA action as untimely and not cognizable, without hearing, when [the] State Parole Board modified appellant's sentence by imposing a new parole maximum date?" (Appellant's brief at 7 (full capitalization omitted).)

All PCRA petitions must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on October 2, 2013. Appellant failed to file a direct appeal to this court, and consequently, appellant's judgment of sentence became final on November 1, 2013, thirty days after imposition of sentence and the time for filing a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed December 4, 2017, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant pleads and proves that he meets one of the following exceptions to the time requirement:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. *Id.* at § 9545(b)(2).

Appellant is claiming that he meets the exception contained in 42 Pa.C.S.A. § 9545(b)(1)(ii) that there are unknown facts, which he has discovered, that allow him to proceed with an untimely PCRA petition. Appellant claims that the Board's recalculation of his maximum date is a previously unknown fact, which enables him to obtain collateral relief under the PCRA even though his petition was untimely. This court does not agree. When a prisoner has a maximum sentence of two years or more, the Board has the exclusive power to parole and reparole, commit and recommit for violations, and to extend the maximum sentence date when a convicted parole violator is recommitted. ***Commonwealth Dept. of Corrections v. Reese***, 774 A.2d 1255 (Pa.Super.), ***appeal denied***, 790 A.2d 1016 (Pa. 2001). Appellate review of a Board decision is within the exclusive jurisdiction of Commonwealth Court and is not the subject of a PCRA petition. ***Id.*** at 1259-1260. ***See also Commonwealth v. Vega***, 754 A.2d 714, 718 (Pa.Super. 2000). The recalculation of a maximum date by the Board does not qualify as an exception under 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant has not successfully pled or proved that he meets the exception to the timeliness requirements of the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/30/2018</u>