J-S30044-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JOHN CLARK | : | |
| | : | |
| Appellant | : | No. 223 WDA 2020 |

Appeal from the PCRA Order Entered February 13, 2020
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000268-2009

BEFORE: MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: FILED JULY 10, 2020

Appellant, Michael John Clark, appeals pro se from the February 13, 2020, order entered in the Court of Common Pleas of Jefferson County, which dismissed Appellant's petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing, on the basis it was untimely filed.[1] After a careful review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant filed the present appeal prematurely on January 29, 2020, before the entry of the PCRA court's February 13, 2020, final order denying PCRA relief. See Pa.R.A.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction relief shall constitute a final order for purposes of appeal."). Nevertheless, given that a final order denying PCRA relief has been entered by the PCRA court, we decline to quash this appeal. Rather, we will regard as done that which ought to have been done, and consider this appeal as taken from the PCRA court's final order. See Pa.R.A.P. 105(a); Commonwealth v. Allen, 420 A.2d 653

The relevant facts and procedural history have been set forth previously by this Court, in part, as follows:

On December 16, 2009, [Appellant] entered a guilty plea to delivery of a controlled substance, 35 P.S. § 780-113(a)(30), and was sentenced to five years in the Jefferson County Intermediate Punishment Program, including 6 months' partial confinement, with work release in the Jefferson County Jail. On November 2, 2011, [Appellant] was found to be in violation of the conditions of his probation. The court extended his sentence in the County Intermediate Punishment [P]rogram for two years, including six additional months of partial confinement and 90 days of electronic monitoring. On November 14, 2012, [Appellant] was again found to be in violation of his probation, after which the revocation court re-sentenced [Appellant] to two years in the State Intermediate Punishment Program.

[Appellant] appeared for yet another revocation hearing on June 23, 2014, at which it was determined that [Appellant] had been administratively expelled from the State Intermediate Punishment Program due to various infractions. Thereafter, the revocation court revoked [Appellant's] participation in the State Intermediate Punishment Program, and resentenced him to four to fifteen years of incarceration, with credit for time served. [Appellant] filed a motion to reduce sentence, which the court denied. [A] timely appeal followed.

Commonwealth v. Clark, 1195 WDA 2014, at 1-2 (Pa.Super. filed 10/26/15) (unpublished memorandum).

On direct appeal, Appellant challenged the discretionary aspects of his sentence and, after finding Appellant was not entitled to relief, a panel of this Court affirmed Appellant's judgment of sentence on October 26, 2015.

_____

(Pa.Super. 1980) (stating that we regard as done that which ought to have been done, i.e., entry upon trial court docket of final PCRA order).

Appellant did not file a petition for allowance of appeal with our Supreme Court.[2]

On December 2, 2019, Appellant filed a pro se document entitled "Petition for Transcripts"[3] wherein he alleged, inter alia, that his sentence was illegal. The lower court properly treated this petition as a first PCRA petition[4] and appointed counsel to represent Appellant.

On January 3, 2020, counsel filed a petition to withdraw his representation, and on January 13, 2020, the PCRA court provided Appellant with notice of its intent to dismiss Appellant's petition without an evidentiary hearing. The PCRA court also granted counsel's petition to withdraw. Appellant

_____

[2] On or about August 21, 2017, Appellant filed a pro se petition for writ of habeas corpus contending the Pennsylvania Board of Probation and Parole ("PBPP") miscalculated his sentence. The trial court denied the petition. See Com., Department of Corrections v. Reese, 774 A.2d 1255 (Pa.Super. 2001).

[3] Although Appellant's pro se petition was docketed in the lower court on December 4, 2019, we shall deem it to have been filed on December 2, 2019, when it was handed to prison authorities. See Pa.R.A.P. 121(a) ("A pro se filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to prison authorities for purposes of mailing or placed in the institutional mailbox[.]").

[4] This Court has held that, notwithstanding the title of a pro se petition, the petition falls under the auspices of the PCRA where it raises issues that are cognizable thereunder. Commonwealth v. Taylor, 65 A.3d 462, 465 (Pa.Super. 2013). Legality of sentencing claims, such as those raised in Appellant's pro se petition, are cognizable under the PCRA. Commonwealth v. Fahy, 558 Pa. 313, 737 A.2d 214 (1999).

filed a notice of appeal on January 29, 2020, and on February 13, 2020, the

PCRA court entered its final order denying Appellant's PCRA petition.

Preliminarily, we note our well-established standard of review:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Commonwealth v. Turetsky, 925 A.2d 876, 879 (Pa.Super. 2007) (citations

omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Commonwealth v. Monaco, 996 A.2d 1076, 1079 (Pa.Super. 2010)

(citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Id. at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[5] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." Commonwealth v. Marshall, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

In the case sub judice, Appellant filed a direct appeal, and we affirmed his judgment of sentence on October 26, 2015. Appellant did not file a petition for allowance of appeal with our Supreme Court. Accordingly, his judgment of sentence became final on or about November 26, 2015, when the thirty-day time period for filing a petition for allowance of appeal with our Supreme

_____

[5] 42 Pa.C.S.A. § 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." See 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." See id., cmt. Assuming, arguendo, the amended version is applicable to the instant matter, as indicated infra, we conclude Appellant has not otherwise met his burden of pleading and proving any of the timeliness exceptions.

Court expired. See 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Appellant had one year from that date, or until November 26, 2016, to file a timely PCRA petition. See 42 Pa.C.S.A. § 9545(b). Accordingly, the instant PCRA petition, which was filed on December 2, 2019, is patently untimely. See 42 Pa.C.S.A. § 9545(b)(1).

This does not end our inquiry, however, as Appellant attempts to invoke the government interference exception set forth in Subsection 9545(b)(1)(i), as well as the "newly-discovered facts" exception set forth in Subsection 9545(b)(1)(ii). Specifically, as to Subsection 9545(b)(1)(i), Appellant suggests the PBPP "interfered" at his probation revocation hearing by participating at the hearing. As to Subsection 9545(b)(1)(ii), Appellant suggests that he was not prepared for the revocation hearing, and upon reviewing the transcript from the June 23, 2014, hearing, it is evident to Appellant the trial court should have inquired about Appellant's lack of preparation.

To establish the government interference exception, "Appellant was required to plead and prove that his failure to raise the claim...previously was the result of interference by government officials with the presentation of the claim...in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States...." Commonwealth v. Chester, 586 Pa. 468, 895 A.2d 520, 523 (2006) (quotation marks and quotation omitted) (emphasis in original).

> To establish the newly discovered fact timeliness exception in [Sub]section 9545(b)(1)(ii), a petitioner must demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

Commonwealth v. Brown, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted).

In the case sub judice, Appellant's government interference claim relates to the PBPP's participation during the June 23, 2014, hearing, at which Appellant was present. Appellant has failed to explain what act or omission by any government official is responsible for his delay in raising his claim with regard thereto. We are, therefore, not convinced that the government interference exception applies. See Chester, supra.

Further, Appellant's "newly-discovered facts" claim relates to his alleged discovery that he was not prepared for the June 23, 2014, hearing. However, inasmuch as Appellant was present at the hearing, Appellant has failed to demonstrate that he could not have discovered his "lack of preparation" earlier by the exercise of due diligence. See Brown, supra.

For all of the foregoing reasons, we conclude Appellant has not met any of the timeliness exceptions. Therefore, we conclude the PCRA court properly dismissed Appellant's instant PCRA petition on the basis it was untimely filed.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/10/2020</u>